**UNITED STATES v. ABERBACH.**

No. 121, Docket 20827.

Circuit Court of Appeals, Second Circuit.

Jan. 5, 1948.

Vine H. Smith, of Brooklyn, N. Y., for appellant.

John F. X. McGohey, U. S. Atty., of New York City (Henry L. Glenn, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appellant was, in a single proceeding in the District Court for the Southern District of New York, adjudged in contempt both civilly and criminally. He was fined for the civil contempt and sentenced to imprisonment for the criminal. He contends (1) that the judgment was erroneous

because at most he was guilty only of a criminal contempt and he could not be punished by both fine and imprisonment; (2) that the sentence was excessive; and (3) that he was not given adequate notice of the hearing.

A consent judgment was entered in the same court against the defendant on January 18, 1945, enjoining him from beginning or continuing to use tin in violation of War Production Board General Preference Order M-43, as amended August 21, 1944, and as it might thereafter be amended, supplemented, or extended. On February 4, 1947, an order to show cause on February 11, 1947, why he should not be punished for a contempt of court was issued and duly served upon the appellant. The hearing was, on the return day and from time to time thereafter, adjourned until March 14, 1947, when counsel for the respective parties were heard orally. The court then directed that the matter be set down for hearing on April 14, 1947, on such evidence as might be presented. Counsel for the government was ordered to serve the appellant's attorney with notice of such hearing on or before April 4, 1947.

On April 4, 1947, a notice was duly served on the appellant that a hearing would be held before the court on April 14, 1947 "on the charge of civil and criminal contempt made in the affidavits and papers annexed to the order to show cause." The notice further stated that "the essential facts constituting the criminal contempt" were as set forth in the affidavits and moving papers and that "the relief sought by the United States in said trial for civil and criminal contempt is both punitive and remedial."

The hearing, begun on April 14, 1947, was completed on April 28, 1947 and the court found that the appellant had willfully violated the injunction. The court also found that:

"Tin was at all times since the issuance of the injunction described in paragraph '1' hereof, and still is a scarce and critical commodity in the United States. Tin is not produced in the United States. The tin resources of other parts of the world have at all times since such date been subject to international control through the Combined Raw Materials Board, and the Combined Tin Committee, and purchases of tin by the United States since said date have been limited to the amounts allocated to the United States by such Board and Committee from time to time. At all times from such date to about the middle of November 1946 the ceiling price for tin was fixed by the Office of Price Administration pursuant to law at 52 cents a pound, and the Government was selling tin at 52 cents a pound while the cost to it (either by purchase of refined tin allocated by the Combined Raw Materials Board and the Combined Tin Committee or by smelting and refining ore in its own smelter plant) averaged approximately 65 cents a pound. The trend of tin supplies of the United States has steadily diminished since the date of said injunction; and the amount of reduction in government tin supplies during 1946 was approximately 20,000 tons of tin."

Since United States v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677, there can be no doubt that in a single proceeding, where the United States is the complainant, both a civil and criminal contempt may be charged and, when duly proved and found, a sentence may be imposed for each. That was done here. The only condition upon this procedure is that substantial prejudice does not result. The only prejudice which this appellant claims to have suffered is that he was not given adequate notice under Rule 42 of the Federal Rules of Criminal Procedure, 18 U.S. C.A. following section 687, 327 U.S. 821, 865, that he was to be prosecuted for a criminal contempt. He did, however, have specific notice served upon him ten days before the hearing on April 14, 1947 that he was charged with both civil and criminal contempt and that the latter was based on the facts stated in the papers attached to the order to show cause. This was enough to justify the court in holding that there was a compliance with the rule and in proceeding with the hearing without further delay. As the findings supported the sentence for criminal contempt, we find no error in respect to that part of the judgment.

But even so, appellant argues that the same conduct cannot also amount to a civil contempt. That, as in United States v. United Mine Workers, supra, depends upon the facts and more specifically upon whether the situation of the parties is such that the complainant can show damage which should be remedied by the imposition of a fine for its benefit or can show that it is necessary to coerce the other party into compliance with the court's order. Here it was shown that the United States, the complainant, controlled the tin supply of this country and lost money on every pound of tin it sold. It, therefore, was pecuniarily damaged owing to the appellant's depletion of available tin by his unlawful use of it in violation of the injunction. A fine which bears some reasonable relation to the amount of this damage might lawfully be imposed. Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 444, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A., N.S., 874.* The fine, moreover, need not be exclusively a remedy for the damage but might, without actual proof of the amount, be based upon the complainant's costs and attorney's fees or upon the amount of profits accruing to the contemnor from the violation. Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 455–457, 52 C.St. 238, 76 L.Ed. 389; Norstrom v. Wahl, 7 Cir., 41 F.2d 910, 914.

As the record does not contain the evidence, on the question of excessiveness we must confine ourselves to the findings. They do not show that the imprisonment sentence was excessive. As there is, however, nothing to indicate that the fine was based upon either profits of the contemnor or the costs and attorney's fees of the complainant, it must be supported, if at all, on the theory that it bears some reasonable relation to the actual damages the complainant sustained. Here again resort can be had only to the findings which show no more on that subject than the following:

"Defendant's use of tin alloy containing 1.5% or more of tin by weight in the making or processing of parts of costume jewelry, and the sales of tin-bearing articles of costume jewelry without an authorization in writing from the Civilian Production Administration or the War Production Board, as more specifically described in the foregoing paragraphs, caused damage to the national economy of the United States and pecuniary loss to the United States in an amount which by its nature is impossible to determine exactly."

This is insufficient to show a reasonable relationship between fine and damages and indeed may indicate that no evidence can be produced to show that the damages incurred by the United States equalled at least a certain sum. Perhaps that will remain true on further hearing and, if so, any fine will have to be imposed upon one or both of the other bases above mentioned. If it is, the judgment should make that clear.

Judgment as to the criminal contempt affirmed. Otherwise reversed and cause remanded.

---

* See also Christensen Engineering Co. v. Westinghouse Air Brake Co., 2 Cir., 135 F. 774, 782.