**TEXTAG CO., Inc. et al. v. HAYSLIP et al.**

No. 13566.

United States Court of Appeals
Fifth Circuit.

Nov. 20, 1951.

See also, 98 F.Supp. 879.

Edward Taylor Newton, Edward E. Dorsey, Hal Lindsay, Travers Hill, and G. Eugene Ivey, all of Atlanta, Ga., for appellant.

A. Harry Crowell, Washington, D. C., Grace W. Thomas, Henry M. Hatcher, Jr., Alton T. Milam, and J. Walter LeCraw, all of Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

On March 24, 1950, appellants, defendants in Civil Action 3825, were sued for infringement of U. S. Patent No. 2,455,007, and for unlawful use of plaintiff's trademark, "Textag".

The complaint alleged: that the defendants had been operating under a franchise from plaintiffs providing for royalties with a guarantee of at least $600 per month, and a provision giving plaintiffs the right to terminate the contract upon failure to pay the royalties; that defendants having breached the contract by failing to pay royalties, plaintiffs elected to terminate it, and so advised defendants; but that, defendants have been continuing to make use of the patent and the trade-mark in unlawful infringement of both.

On April 25th, a temporary injunction issued, enjoining defendants: from continuing to manufacture or sell any tags, laundry identification systems, or other articles covered by the patent; from continuing to use the trade-mark; and requiring them to post bond for $5000 to pay all profits which have accrued and may thereafter accrue to defendants from the use of the patent and trade-mark.

The cause coming on for trial on the merits, there was a final decree for plaintiffs making the injunction permanent, condemning defendants to pay all profits realized from March 16, 1950, and appointing a master to take an accounting.

The decree also awarded to plaintiffs certified checks aggregating $2113.21, which had been tendered to plaintiffs as royalties and deposited with the clerk by the defendants, from April 4, 1950, to July 13, 1950, the amounts thereof to be credited upon profits found by the master to be due.

On August 16, 1950, plaintiffs filed in the cause a motion for a contempt citation alleging that two of the defendants, Textag Co. and Ross M. Goddard, Sr., were violating the injunction by making and selling plaintiffs' system, and praying that they be directed to appear and show cause why they should not be punished for its violation and why additional damages should not be awarded to plaintiffs as a result of their action.

Notice having issued, the defendants appeared and answered the contempt citation, denying that they had infringed the injunction by using and employing the system covered by plaintiffs' patent, and insisting that they had ceased to do business under the name "Textag". In addition they filed a motion for summary judgment on the ground that the subject matter of the contempt motion was concluded by the prior decree in that plaintiffs had first offered, and then refused, to file a supplemental pleading, putting in issue as an infringement of the patent the system the defendants are now using under the name "Speed Check System".

Defendants' motion for summary judgment denied, plaintiffs filed a motion for supplementary decree and for citation for contempt. In it they alleged that the Textag Company and Goddard, Sr., through a new company, were violating the injunction by advertising and selling a laundry system known as the "Speed Check System", which covers identically the system covered by plaintiffs' patent.

The prayers of the motion were: (1) that the court adjudged the defendants in contempt of the injunction; (2) that a sup-

plementary decree issue finding that the Speed Check System infringes upon plaintiffs' patent and restraining the defendants from using the same or any other colorable imitation of plaintiffs' patent; and (3) that plaintiffs be awarded additional damages for the acts of infringement occurring subsequent to the date of the injunction, August 3, 1950.

Defendants, in response to said motion, insisted that it had not violated the patent but that it was selling and using an entirely different thing.

The motion then came on for hearing and was fully heard on affidavits and documentary evidence. The district judge, filing full and extended findings of fact and conclusions of law, 94 F.Supp. 425, concluded and adjudged that defendants were guilty of violating the injunction and of infringing the patents. In addition, he specifically found that the continued infringement by defendants upon the patent rights of plaintiffs had cost them more than a temporary loss of sales and had prejudiced them among the laundry trade to an extent that it will be felt for an extended period of time.

Based upon these findings and conclusions, he entered a decree enjoining the defendants, their agents and servants, as prayed and awarding plaintiff, in addition to the amounts found due them under the accounting ordered August 3, 1950, the sum of $2000 as compensation for damages suffered subsequent to that date, plus the sum of $500 expenses and attorneys' fees in bringing the motion.

The defendants are here complaining that the judgment may not stand because: (1) the finding, that the Speed Check System infringes the patent, is not supported by, but is contrary to, the law and the evidence; and (2) the judgment for $2000 damages is not supported by evidence sustaining the damages awarded.

■ We think that the first point argued, that, by first offering, and then declining on the trial of the merits to put the matter in issue, plaintiff was estopped and barred by the prior judgment from now claiming that the use of the Speed Check System was a violation of the injunction, is wholly without merit. The issue, tried and determined in the contempt proceeding, was not within the compass of the issues in the first trial. It was not determined in any way there.

■ The second point: that the finding of the judge that the Speed Check System was the substantial equivalent of the patent, and, therefore, an infringement of it, is without support in the evidence; we think no better taken. The matter was fully submitted to the judge on affidavits and documentary evidence and upon a comparison of the physical exhibits comprising the two so-called systems.

■ Upon the final contention that the judgment for $2000 was entered without any evidence to support it, we are of the opinion that, considering the nature of the proceeding and the state of the record as a whole, the award cannot be characterized as without adequate basis. While the motion specifically asked for the recovery of damages sustained from August 3rd, the date of the first injunction and the judgment in awarding the $2000 followed this prayer, the record as a whole leaves us in no doubt that what was asked and awarded was the profits made by defendant from the violation of the injunction.

There is evidence in the guarantee of the contract for a minimum royalty of $600 per month, and in the amount of the checks which had been deposited by Textag with the clerk for the plaintiff from which the court could have drawn, and no doubt did draw, his conclusion that a similar sum was properly to be awarded for the three months, August, September, and October.

■ In view of the basic facts of the litigation: that defendants had commenced the use of plaintiffs' patent under a license from them; that they had then refused to pay the royalties agreed upon; that when brought to book by an injunction they had sought by the use of an equivalent system to continue infringing; and that the undisputed evidence and the findings of the court showed that the defendants were reaping large profits from their actions; the decree was well within the limits of judicial discretion in requiring defendants in addition to the accounting, which had been ordered

by the August 3rd decree, to account to and make plaintiffs whole for the period from that date to the date of the contempt decree.

We find no error in the judgment. It is Affirmed.