**MEAD JOHNSON & COMPANY,**
**Appellant,**

v.

**BABY'S FORMULA SERVICE, INC.,**
**et al., Appellees.**

**No. 25789.**

United States Court of Appeals
Fifth Circuit.

Oct. 10, 1968.

Richard E. Alexander, Alexander & Speckman, Henry C. Krasnow, Chicago, Ill., John T. Lanahan, Evansville, Ind., for appellant.

Stanley L. Lester, Robert C. Lane, Lester, Oppenheimer & Gorman, Miami, Fla., for appellees.

Before TUTTLE, COLEMAN and MORGAN, Circuit Judges.

TUTTLE, Circuit Judge.

This is a companion case to the appeal of Mead-Johnson dealt with in another opinion published contemporaneously herewith. 402 F.2d 19. In this case Mead-Johnson appeals from another judgment, favorable to it holding the appellees in contempt of court for violating the court's injunction discussed in the other appeal. Here appellant complains that the trial court was too niggardly in its approach to the matter, and, after finding violations of the court's order, granted too small an amount by way of compensation to appellant for the expense of discovering the violations and bringing them to the court's attention. The trial court awarded costs and expenses amounting to $1,644.42.

The trial court found that James Leo Gorman, the president, and Anthony P. Damanda, general manager of the defendant Baby's Formula Service, Inc., violated the terms of the injunction by continuing to sell their products in cartons which the trial court had adjudged to be an infringement of appellant's trademark and which the court had ordered destroyed.

■ Although it is apparent that some investigation was necessary and some effort was required at a substantial distance from the home office of the appellant in bringing the acts of the defendants to the attention of the court, it appears that the hearing finally held lasted only one hour on one day and was resumed and completed the following day. Appellant's challenge seems to be based in part upon the requirement that there be an accounting for profits and damages as a part of the loss it had suffered in a contempt proceeding. We have held that the reviewing court deals with this question as one falling within the broad discretion of the trial court. See for example, Textag Co. v. Hayslip, 5 Cir., 1951, 192 F.2d 435. We find no case in which such relief has been held to be required and that a failure to grant it would be an abuse of the trial court's discretion in contempt matters.

■■ This is a proceeding for civil contempt. The trial court should award to a successful plaintiff out-of-pocket costs in the matter. We cannot hold that the amount awarded here so far departed from the claimed amounts as to constitute an abuse of the trial court's discretion.

The judgment is affirmed.