The **DOW CHEMICAL COMPANY**, a corporation, Plaintiff-Appellee-Cross-Appellant,

v.

**CHEMICAL CLEANING, INC.**, a corporation, John H. Rusch, Individually, and George Lewis, Individually, Defendants-Appellants-Cross-Appellees.

No. 28531.

United States Court of Appeals, Fifth Circuit.

Nov. 6, 1970.

Rehearing Denied and Rehearing En Banc Denied Dec. 17, 1970.

M. Ted Raptes, Arlington, Va., Benjamin R. Slater, New Orleans, La., for defendants-appellants, cross-appellees; Millen, Raptes & White, Arlington, Va., of counsel.

Joseph B. Miller, F. Frank Fontenot, Milling, Saal, Saunders, Benson & Woodward, New Orleans, La., Charles J. Merriam, Allen H. Gerstein, Michael P. Bucklo, Merriam, Marshall, Shapiro & Klose, Chicago, Ill., Charles W. Carlin, Midland, Mich., for plaintiff-appellee-cross-appellant.

Before GEWIN, GOLDBERG and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

The appellant Chemical Cleaning, Incorporated (CCI) was adjudged in the district court to have been guilty of willful and knowing violation of an injunctive order of the district court prohibiting it from further infringement of a Dow Chemical Company (Dow) patent relating to the process of acid chemical cleaning of utility boilers. In an opinion reported at 379 F.2d 294 we affirmed the district court and remanded for consideration of the questions of damages and attorney's fees. On remand the court below referred these matters to a Special Master for recommendations. The Special Master's report was adopted without variance. Damages and attorney's fees were awarded to Dow in the amount of $90,812.41 together with interest. We consider an appeal by CCI and a cross-appeal by Dow based upon objections to the findings and awards as set forth in the report of the Special Master and as adopted by the trial court. We discern no reversible error in the record and affirm as to both appeals.

CCI first complains that the district court erred in awarding $23,769.37 as the profit which Dow would have earned on the boiler cleaning operations which CCI conducted in violation of the court order against infringement. The crux of this charge is that the Dow patent covered only one step in the two-step boiler cleaning operations, and therefore Dow is entitled to damages for only those profits it would have received from completion of the one step. The

argument is that the damages should be apportioned as to each step in the process, and awarded as to the infringing step only.

The district court found by its Finding of Fact No. 5 that the boiler cleaning operation was in fact a two-step process, and that the first step in the process did not involve the use of Dow's patent. However, the court further found that the two stages were interrelated and that CCI could not have performed the non-infringing first step without also performing the infringing second stage. (Finding of Fact No. 13). This critical finding was based on evidence that in every instance the bid specifications required that the patented cleaning method be performed alone or in combination with another stage, and that in those cases where two stages were specified, the bid would not have been awarded to a bidder unable to perform both stages. It follows of course that if CCI had not violated the injunction, Dow would have received the entire bid. Apart from a bald unsupported statement that the district court findings and award were incorrect, CCI fails to point out anything in the evidence upon which we can base a determination that the finding below was clearly erroneous. Rule 52(a), F.R.Civ.P. We are far from "convinced that a mistake has been made". McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed.2d 20 (1954).

■ The district court doubled the award of damages to Dow for lost profits because of the "knowing and willful violation by [CCI] of the writ of injunction". CCI on this appeal would relitigate the question of the knowing and willful nature of the violation. That matter was determined in the previous litigation before this Court and is clearly *res judicata*. Our consideration is confined to the propriety of double damages where it has been established that the violation of the injunction was "knowing and willful".

CCI argues that Title 35, U.S.C., Section 284 [1] as illuminated in Carter Products, Incorporated v. Colgate-Palmolive Company, 214 F.Supp. 383 (D.Md.1963), establishes a principle that in patent infringement cases the district court may award exemplary damages only where the infringement is "conscious and deliberate". Assuming arguendo that CCI's theory is correctly applied here, we view "conscious and deliberate" as the substantially exact equivalent of our language on the prior appeal, 379 F.2d 294 at 297, approving the lower court's determination that CCI's violation of the injunction was "deliberate and willful". The two terms obviously and interchangeably refer to the element of scienter. Thus even accepting CCI's argument, it is clear that the court had the power to award double damages. Baltz v. Walgreen Company, 198 F.Supp. 22, 27 (W.D.Tenn.1961); Title 35, U.S.C., § 284, footnote 1, supra.

■ But CCI's argument fails to recognize that this is a civil contempt proceeding, not a patent infringement suit. The patent infringement was established in the previous round of litigation; we here determine the appropriateness of damages, compensatory and exemplary, for willful violation of a court order. Siebring v. Hansen, 8 Cir. 1965, 346 F.2d 474, 480; Textag Company v. Hayslip, 5 Cir. 1951, 192 F.2d 435, 438. In dealing with a civil contempt proceeding the district court was not bound by the provisions of Title 35,

---

1. "§ 284. *Damages*

Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.

"When the damages are not found by a jury, the court shall assess them. In either event the court may increase the damages up to three times the amount found or assessed.

"The court may receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances. July 19, 1952, c. 950, § 1, 66 Stat. 813."

U.S.C., § 284. Rather it was free to exercise the inherent discretion possessed by a court to correct willful violations of its solemnly passed orders.[2]

■ CCI's confusion over the distinction between patent cases and contempt of court cases carries over into the area of attorney's fees and other expenses. CCI urges that the district court erred in awarding Dow $24,371.05 in attorney's fees, $5,917.77 for attorney's expenses and $12,984.85 for salary costs for several Dow employees involved in the investigation by Dow. CCI argues that attorney's fees and other expenses may only be awarded in *patent cases* in accordance with statutes enacted by Congress. Title 35, U.S.C., § 285 provides:

"The Court in exceptional cases may award reasonable attorney fees to the prevailing party".

The court found that the facts of this case did not qualify it as an "exceptional" case. (Finding of Fact No. 27).

We iterate that this is not a patent infringement case—it is a civil contempt proceeding. There are contempt cases in abundant number holding that a court has discretion to award reasonable attorney's fees and other expenses necessary to make an innocent party whole. Broadview Chemical Corporation v. Loctite Corporation, 159 U.S.P.Q. 80 (D. Conn.1968), affirmed 2 Cir. 1969, 406 F.2d 538, cert. denied 394 U.S. 976, 89 S.Ct. 1472, 22 L.Ed.2d 755 (1969); Mead Johnson & Company v. Baby's Formula Service, Incorporated, 5 Cir. 1968, 402 F.2d 23; Chas. Pfizer & Co. v. Davis Edwards Pharmacal Corp., 2 Cir. 1967, 385 F.2d 533, 538; Siebring v. Hansen, supra; Western Lighting Corp. v. Smoot-Holman Co., 9 Cir. 1965, 352 F.2d 1019, 1022; Universal Match Corp. v. New Castle Prods., Inc., 7 Cir. 1962, 308 F.2d 842; Sunbeam Corp. v. Golden Rule Appliance Co., 2 Cir. 1958, 252 F.2d

467; Carter Prods., Inc. v. Colgate-Palmolive Co., supra; Singer Mfg. Co. v. Sun Vacuum Stores, Inc., 192 F.Supp. 738, 742 (D.N.J.1961); Minnesota Mining & Mfg. Co. v. Neisner Bros., Inc., 122 F.Supp. 752, 755 (N.D.Ill.1954).

■ Dow's cross-appeal also involves the court's award of attorney's fees. Dow paid approximately $78,000 in attorney's fees of which $48,744.11 was found to be incurred in preparation and support of the motion to show cause why CCI should not be held in contempt prior to the beginning of the accounting proceedings before the Special Master in February of 1968. Of the remainder, $25,110.00 was for attorney's fees charged during the accounting. Although the court found the attorney's fees to be reasonable, it also found that $48,744.11 was excessive in comparison to the amount of damages suffered by Dow, and therefore limited recovery of attorney's fees to one-half that amount. No damages were awarded for attorney's fees incurred during the accounting.

The district court apparently concluded that the bid specifications sufficiently informed Dow of the approximate damages, and that knowing this Dow proceeded nonetheless to bind itself for inordinately high legal expenses. It is also shown that Dow incurred substantial expenses in an unsuccessful attempt to establish a damage figure of $87,200.00 based on an incremental lost profit theory, as opposed to the $23,769.11 figure computed on the basis of actual net profit lost by Dow. Dow counters by arguing that the legal fees would have been much less but for the uncooperative and contrary attitude which CCI took toward the litigation. These are all warmed over versions of the arguments advanced by the parties to the Special Master and the district court. They represent matters in substantial conflict as to which the experienced trial judge

---

2. Additionally, while not involved here, Title 18, U.S.C., § 401 gives courts of the United States power to punish by fine or imprisonment at its discretion
" * * *

(3). Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

**1216**

has exercised his discretion. No abuse of that discretion is made manifest to us, and we affirm as to Dow's cross-appeal as well as to CCI's original appeal.

Affirmed.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.