**BONANZA INTERNATIONAL, INC. and Stewart Investments, Inc.**

v.

**Joseph Charles CORCELLER, Jr.**

**Civ. A. No. 71–2594.**

United States District Court,
E. D. Louisiana.

June 8, 1972.

Phillip A. Wittmann, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for Bonanza International, Inc.

Herschel L. Abbott, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Stewart Investments, Inc.

John H. Brooks, Laborde & Brooks, New Orleans, La., for defendant.

## ORDER

CHRISTENBERRY, District Judge.

This matter is before the court on a motion in which the plaintiffs seek to have the defendant, their former franchisee in the low-cost steak dinner restaurant business, held in contempt for violating an injunction issued by this court on October 28, 1971. The motion is granted.

On August 25, 1969, Corceller entered into a Bonanza Sirloin Pit Licensing Agreement with the plaintiffs and as of May 3, 1970, he began operating one of the several Bonanza Sirloin Pit restaurants in the New Orleans metropolitan area.

After a fractious relationship of slightly over two years, Bonanza terminated the License Agreement with plaintiff and shortly thereafter instituted injunction proceedings. The court's findings of fact which accompanied the injunction order amply detailed the transgressions of Mr. Corceller with regard to the Bonanza contract. As a result defendant was ordered, *inter alia,* to cease using all Bonanza service marks, all restaurant equipment bearing those service marks, and all advertising means or equipment identifying defendant's restaurant with Bonanza or Stewart. In addition, the court ordered Corceller to comply with the two-year restrictive competition covenant of the License Agreement and to this effect defendant was forbidden to:

". . . directly or indirectly [engage] in the low-cost steak dinner restaurant business within a radius of twenty-five miles from 4211 Jefferson Highway, Jefferson Parish, Louisiana, until September 7, 1973. The . . . business is hereby defined as any restaurant business that advertises or sells steak menu items at prices identical to, below, or deceptively near the steak menu prices presently used by the defendant or that attempts to convey the impression that it is otherwise specializing in the sale of low-cost steak dinners. . . ."

To allow for some degree of certainty, the different types of steaks were listed with their respective prices. Finally, defendant was ordered to report to the court the measures taken in complying with the injunction order.

■ Hearings were conducted on January 5 and 12, 1972, to inquire into the allegations made by plaintiffs in the motion for contempt. Testimony was received from defendant Corceller; Huey Beder, a sign manufacturer; Francis L. Fry, a former general manager of Stewart Investments, Inc.; Derek Winch, the general manager of Stewart Investments, Inc. who succeeded Fry on November 12, 1971; and Louis

Hodges, a photographer who testified as an expert witness for the defendant.

As required by the injunction order, the defendant submitted to the court a letter-report, dated November 24, 1971, and filed on November 29, 1971, setting forth various measures taken to comply with that order. Essentially, the report stated that the restaurant's name had been changed from the Bonanza Sirloin Pit to the Frontier Pit; that of the two exterior signs, one had been removed and the other covered pending imminent removal; that a price increase of fifteen percent had been implemented; and that all signs, marks, prints, menu boards, plates, cups, napkins, and pictures bearing the Bonanza name or service marks had been removed. On December 20, 1971, the instant motion for contempt was filed.

The plaintiffs feel aggrieved generally by Corceller's continuation in the restaurant business which in some respects can be characterized as the "low-cost steak dinner" type. More specifically, the plaintiffs brought to the court's attention evidence indicating that Corceller had not proceeded in good faith with the removal of the large exterior Bonanza sign. This sign, which is not connected to the building, consisted of an upper part showing the Bonanza name and a lower part displaying various menu items. Plaintiffs also argued that a mere fifteen percent price increase would not satisfy the letter and spirit of the injunction which ordered Corceller to cease selling "steak menu items at prices identical to, below, or deceptively near the steak menu prices presently used by the defendant . . . ."

The evidence presented on the removal of the large exterior Bonanza sign was characterized by contradictions, evasions and ambiguous answers, periodic memory lapses, and the impression at times that certain defense witnesses would agree to anything suggested to them by defense counsel.

It is my finding that the large exterior Bonanza sign, the primary means of identifying the establishment, was not covered until a few days after November 22, 1971, or approximately a month after the injunction was issued. In addition, I find that the uncovered sign was lighted at night on at least one occasion in the first week of November, 1971. Furthermore, the court finds that the evidence presented to the effect that the tarpaulin-covered sign remained readable at night in December, 1971, was credible and persuasive. It was only after the January 12, 1972, hearing that the defendant took prompt action to dismantle the sign. This was accomplished on January 16, 1972, and the court was so informed by defense counsel's memorandum. The evidence clearly establishes defendant's recalcitrance following the injunction order, to wit: (1) telling the court that prices on all steak items had been increased by 15 cents when, in fact, because the new steak price included the price of a soft drink, the net price increase was only ten cents; (2) retaining the word "Pit" in the restaurant's name; (3) utilizing a steak item entitled the "L'il Joe," which is unmistakably connected with the name Bonanza in the minds of many television-addicted Americans, and which was at one time a service mark of Bonanza International, Inc.

Because of the President's moratorium on price increases that lasted through November 16, 1971, and the continuing governmental effort to contain the inflationary spiral, and considering the addition of pizza to the defendant's menu, the court does not find that this is the low-cost steak dinner restaurant business per se. However, Corceller has not tried to diminish that impression as is evidenced by the name "Sirloin Pit" and advertisements of steak items and their prices. Accordingly,

■ It is ordered that the defendant, Joseph Charles Corceller, Jr., change the name of his restaurant, presently entitled the "Sirloin Pit" so that the word "Pit" is not used or referred

to in any way and so that there is no reference to steaks or meat in the title of the restaurant presently operated at 4211 Jefferson Highway, Metairie, Louisiana.

In this civil contempt proceeding the court has discretion to award reasonable attorney's fees to make the innocent plaintiff whole. Dow Chemical Co. v. Chemical Cleaning, Inc., 434 F.2d 1212, 1215 (5th Cir. 1970), cert. denied, 402 U.S. 945, 91 S.Ct. 1621, 29 L.Ed.2d 113 (1971); Superior Testers, Inc. v. Damco Testers, Inc., 336 F.Supp. 37, 40–41 (E.D.La.1971) (Rubin, J.).

Mr. Phillip A. Wittmann of the firm of Stone, Pigman, Walther, Wittmann & Hutchinson, attorney for Bonanza International, Inc., and Mr. Herschel L. Abbott, Jr. of the firm of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, attorney for Stewart Investments, Inc., have submitted to the court detailed statements for the legal services rendered by them in the amounts of $2,500.00 and $900.00, respectively.

The charges submitted by counsel are reasonable and in keeping with attorney's fees in the New Orleans area. However, considering all the circumstances, including defendant's ability to pay, and the amount involved in the litigation, I have concluded that fees of $1,500.00 and $500.00, respectively, should be allowed. Accordingly, the Clerk is directed to enter judgment in favor of Bonanza International, Inc. and against Joseph Charles Corceller, Jr., in the amount of $1,500.00 and in favor of Stewart Investments, Inc. and against Joseph Charles Corceller, Jr., in the amount of $500.00.

It is further ordered that the defendant Joseph Charles Corceller, Jr. submit to the court a written report, signed under oath, setting forth in detail the manner in which the terms of this Order have been complied with. 15 U.S.C. § 1116. Defendant is ordered to file the foregoing sworn report with the court and to serve it upon the plaintiffs, Bonanza and Stewart, on or before July 1, 1972. However, preparation of the report shall not be construed as delaying the effective date of this order which is effective immediately upon issuance hereof and service on the defendant.