Mrs. Olive Ellis GAULTER

v.

Bernard CAPDEBOSCQ et al.
Civ. A. No. 75–1851.

United States District Court,
E. D. Louisiana,
Section A.

Aug. 19, 1975.

Louis R. Koerner, Jr., New Orleans, La., for plaintiff.

Harold H. Wedig, New Orleans, La., for defendants.

CHRISTENBERRY, District Judge.

■ The plaintiff, a citizen of Australia and wife of a Louisiana citizen, instituted this action on behalf of the marital community acting as the authorized agent of her husband. She seeks monetary damages and a permanent injunction. All of the defendants are Louisiana citizens. This suit concerns community real property situated in Tangipahoa Parish. Mrs. Gaulter alleges that the defendants, Edwards and Stire as Sheriff and Clerk of Court of Tangipahoa Parish, have acted under color of law by conspiring with the other defendants to disturb her peaceful possession of the property. She claims that they violated her rights under the 14th Amendment, 42 U.S.C. § 1983 and 1985 (3). This is a possessory action. A similar action involving this same property is currently pending in state court. The defendants have moved to dismiss due to lack of diversity and the failure to establish a claim under the civil rights statutes.

DIVERSITY JURISDICTION:

> 28 U.S.C. § 1359 states, "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

This section applies equally to diversity based on alienage and that based on citizenship in different states. *Kramer v. Caribbean Mills*, 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969). The purpose of this section is to exclude from federal court jurisdiction purely local controversies in which the diversity has been manufactured. *Lester v. McFaddon*, 415 F.2d 1101 (4th Cir. 1969). The statute bars federal jurisdiction in a suit by a representative where the purpose of the appointment was to create diversity jurisdiction. *McSparran v. Weist*, 402 F.2d 867 (3rd Cir. 1968), cert. denied sub. nom. *Fritzinger v. Weist*, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969). The Fifth Circuit is in accord. *Green v. Hale*, 433 F.2d 324 (5th Cir. 1970).

■ The presumption is against diversity; the party invoking federal jurisdiction has the burden to prove facts which establish that jurisdiction. *McNutt v. General Motors Acceptance Corporation,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936), *Green v. Hale,* supra. The question of whether diversity jurisdiction is artificial is one of fact to be determined by the court. *Renner v. Vitcov,* 339 F.Supp. 1020 (E.D. Pa.1972).

■ The dominant note in the successive enactments of Congress relating to diversity jurisdiction is one of relieving the federal courts of that burden which intrinsically belongs to state courts. *City of Indianapolis v. Chase National Bank,* 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941). The Fifth Circuit in *Green v. Hale, supra,* delineated the factors a court should consider in determining if diversity jurisdiction has been artificially created. The factors include the relationship of the representative to the party represented; scope of the representative's powers and duties; special experience of the representative; whether there exists a non-diverse individual who would normally be expected to represent the interests at stake; and whether the suit is local in nature. To support a contention of artificial diversity the defendant may show that there are others lacking the citizenship necessary to jurisdiction who have an equal or greater interest than the plaintiff in the outcome of the suit. *Ferrara v. Philadelphia Laboratories, Inc.,* 272 F.Supp. 1000 (D.Vt.1967), aff'd 393 F.2d 934 (2d Cir. 1968).

■ The husband, as head and master of the community, is normally expected to institute legal proceedings on behalf of the community. R.C.C. art. 2404 (1870), La.C.C.P. art. 686 (amended 1970). During the marriage he has the greater interest in the outcome of the suit. The husband owns one-half of the assets of the community in perfect ownership with the use of the other one-half while the wife's interest amounts to imperfect ownership without use. *Creech v. Capitol Mack, Inc.,* 287 So.2d 497 (La.1973). The plaintiff's husband is a citizen of Louisiana. He lacks the requisite citizenship for diversity jurisdiction. This is a possessory action involving a boundary dispute. This type of action is purely local in nature. The appointment of Mrs. Gaulter as agent of the community was obviously only for the purpose of creating diversity. Accordingly, the court finds that diversity jurisdiction does not exist in this case.

*42 U.S.C. § 1983:*

■ The complaint alleges that the defendants Edwards and Stire misused their official position as Sheriff and Clerk of Court and conspired with certain private individuals, defendants Capdeboscq and Gennaro, to violate the plaintiff's rights of due process and equal protection. To maintain a cause of action under § 1983 it must be shown that the defendants acted under color of law and deprived the plaintiff of her rights under the Constitution or laws of the United States. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142; *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492. § 1983 includes the actions of private persons when engaged jointly with state officials in prohibited conduct. *U. S. v. Price,* 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267; *Adickes v. S. H. Kress, supra.*

■ Diversity of citizenship is not a prerequisite to a § 1983 action. *Douglas v. City of Jeannette,* 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324; *Ortega v. Ragen,* 216 F.2d 561 (7th Cir. 1954) *cert. denied,* 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268 (1955).

■ The plaintiff's complaint has adequately stated a claim for which re-

lief may be granted under 42 U.S.C. § 1983.

*42 U.S.C. § 1985(3):*

 The plaintiff also alleges violations of the 14th Amendment and 42 U.S.C. § 1985(3). Section 5 of the 14th Amendment allows Congress to punish private .conspiracies which interfere with Fourteenth Amendment rights. *U. S. v. Guest,* 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d. 239 (1966); *Action v. Gannon,* 450 F.2d 1227 (8th Cir. 1971). § 1985(3) has been held to encompass the conduct of private persons where there is some racial or other class-based, invidiously discriminatory animus behind the conspirators' action. *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

 In order to state a cause of action under § 1985(3), it must be alleged that (1) the defendants conspired to go on the premises of another, (2) to deprive any person or class of persons of the equal protection, privileges, or immunities of the law. The plaintiff must allege that there has been an act in furtherance of the conspiracy whereby another was injured in person or property or deprived of any right or privilege of a U.S. citizen. *Griffin v. Breckenridge, supra.*

 The plaintiff has sufficiently alleged a cause of action under § 1985 (3). Whether or not she can prove it is another matter.

 A complaint will not be dismissed for failure to state a claim on which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Accordingly, the court finds that although diversity jurisdiction is lacking, the plaintiff has nevertheless stated a valid claim under the Civil Rights Act. *Injunctive relief:*

## FINDINGS OF FACT

 The court finds that the plaintiff has been continually disturbed in her possession of the property by the defendants or others acting in concert with or under the direction of the defendants. They have subjected the plaintiff to harassment and intimidation. The granting of injunctive relief would not, as defendant contends, amount to a determination that plaintiff is the owner of the disputed property. The defendants use the disputed property mainly to annoy and harass Mrs. Gaulter. This injunction prohibits the defendants from using the disputed property only until the question of ownership has been decided.

## CONCLUSIONS OF LAW

The injunction that plaintiff seeks would simply prohibit the defendants from doing that which they should not be doing in the first place.

An injunction may properly issue on a cause of action founded on 42 U.S.C. §§ 1983, 1985(3). *Mizell v. North Broward Hospital District,* 427 F.2d 468 (5th Cir. 1970); *Schnell v. City of Chicago,* 407 F.2d 1084 (7th Cir. 1969). An injunction would be appropriate in order to preserve the status quo pending the trial on the merits.

Accordingly, after considering the law, evidence, testimony and arguments of counsel,

It is ordered that a permanent injunction issue enjoining the defendants Bernard Capdeboscq, Mary Liuzza Gennaro, and all persons acting in concert with them or under their instructions, from trespassing on or destroying plaintiff's property; from harassing, disturbing, and intimidating plaintiff; and from encouraging other persons to do any of these acts.

This injunction shall remain in effect until the legal ownership of the property is determined in the pending state court proceeding.