Mrs. Olive Ellis GAULTER

v.

Bernard CAPDEBOSCQ et al.

Civ. A. No. 75–1851.

United States District Court,
E. D. Louisiana.

Dec. 8, 1976.

Louis R. Koerner, Jr., New Orleans, La., for plaintiff.

Harold H. Wedig, Gerald R. Cooper, New Orleans, La., for defendants.

CHARLES SCHWARTZ, District Judge.

This cause came on for hearing on November 26, 1976, in the following summary matters:

Plaintiff's motion to reconsider diversity jurisdiction;

Plaintiff's motion to alter minute entry and reasons for judgment of the Honorable Morey L. Sear;

Plaintiff's motion to hold Sheriff Frank Edwards in contempt for violation of the injunction herein;

Plaintiff's motion to have the United States Marshal's office enforce the injunction; and

Defendants' motion to dissolve the existing injunction and to dismiss plaintiff's possessory action.

Plaintiff, a citizen of Australia, but now a resident of Louisiana, and wife of a Louisiana citizen, instituted this action on behalf of the marital community, acting as the authorized agent of her husband. These proceedings have their source and are founded upon a very bitter dispute between the parties who are adjoining land owners, as to their respective rights to possess and the ownership of adjoining acreages of real property situated in the Parish of Tangipahoa, Louisiana. Prior to the institution of these present proceedings (i. e. on April 3, 1973), plaintiff's husband filed a Louisiana possessory action in the Twenty-first Judicial District Court for the Parish of Tangipahoa entitled, "Kenneth W. Gaulter vs. Mrs. Mary Liuzza Gennaro," No. 42–049 of the Docket of said Court. On July 2, 1976, judgment was rendered in favor of defendant, dismissing plaintiff's possessory action.[1]

The late Judge Herbert W. Christenberry issued an injunction in these proceedings on August 19, 1975, wherein he enjoined defendants and persons acting in concert with them, from certain actions, "in order to preserve the status quo pending the trial on the merits." (i. e. the State Court possessory action) Subsequently, plaintiff and defendant stipulated and consented to a trial of a motion by plaintiff for contempt and by defendants to modify and clarify the Court's injunction before the Magistrate. On January 26, 1976, after a full day's hearing, the Honorable Morey L. Sear denied the motion for contempt and modified the injunction to define the area to which the injunction was to apply as being that set forth in the Tycer Survey.[2]

1. There was also pending between the Gaulters and some of the defendants herein the following actions: Criminal Action on Affidavit of *Dixie Ellis Gaulter v. Benny Capdeboscq* for criminal trespassing, dated January 4, 1973; proceedings entitled, "*Benny Capdeboscq v. Olive Ellis Gaulter*," No. 43–560 of the Twenty-first Judicial District Court for the Parish of Tangipahoa dated January 22, 1974, alleging false imprisonment and malicious prosecution. It appears from the records of these proceedings, Exhibits Nos. D–1 and D–3, that all documents required by law to be filed, served and administered by state or parish officials were processed in a manner which seems to be normal and usual for such cases.

2. Counsel for plaintiff infers that the Magistrate was confused as he did not comprehend the difference between a Louisiana petitory and a possessory action because he stated in his reasons for judgment "until such time as the District Court in Tangipahoa Parish shall ultimately decide the boundary question or the boundary in which the order of this Court shall be effective." However, it is not the Magistrate who is confused, but it is counsel for plaintiff who is confused. The Magistrate did not confuse a possessory action with a boundary suit. A reading of his entire order, and not taking it out of context, clearly demonstrates that he was solely concerned with determining the areas of ground to which the injunction should apply. It would be impossible for anyone to comply with the injunction not to trespass unless the boundaries to which the injunction should apply were delineated and it was such that provoked the hearing before the Magistrate and it is that very thing to which his order was directed. The necessity for such a hearing is further demonstrated by Mrs. Gaulter's testimony at the hearing, and her other actions to the effect that she disagrees with all three surveys made of the property, including that made by her own surveyor, Mr. Webb. See also Exhibits G–1—G–7, and deposition of George Jones.

Mrs. Gaulter owns approximately 20 acres of land adjoining property on the north and east owned by defendant Mrs. Gennaro. There is a dispute as to the ownership of part of the 10 foot roadway on the north side, a 10–15 foot strip on the south side, and a 70 × approximately 230 foot strip on the east side, involving approximately a 23 feet encroachment of a house which has been on the property for approximately 50 some odd years, and an additional 17 feet of ground under fence for a total of 40 feet in dispute.[3]

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

No additional evidence was introduced at the hearing which would warrant the Court's reconsidering Judge Christenberry's decision relative to diversity jurisdiction. This well-reasoned decision is reported in 404 F.Supp. 900, and this Judge concurs and adopts same.

This Judge has also reviewed and considered the order and reasons for judgment herein of the Honorable Morey L. Sear, then United States Magistrate, dated January 28, and January 30, 1976, finds no error in same, and concurs in and adopts same as his opinion.

■ The Court, after considering the testimony and reviewing the depositions filed herein, does not find one iota of evidence whatsoever which would indicate that Sheriff Frank Edwards is in any way in contempt of either Judge Christenberry's original order or the order as amended by Magistrate Morey L. Sear. There is not one specific instance in the entire record which indicates that subsequent to the issuance of the injunction herein, that Sheriff Frank Edwards and any person acting in concert with him or acting under his instructions, trespassed on or destroyed plaintiff's property, disturbed or intimidated plaintiff, and/or encouraged any other persons to do any of these actions.

For the reasons that will hereinafter become apparent, plaintiff's motion to have the United States Marshal's office enforce the injunction and defendants' motion to dissolve the existing injunction and dismiss plaintiff's possessory action will be considered together.

■ As is shown by Exhibit P–11, filed in evidence herein, the State District Court has rendered its opinion denying the relief sought by the Gaulters. It is obvious that Judge Christenberry intended his injunction herein to be in effect for only until such time as the State Court acted. Said order specifically provides, "Injunction would be appropriate in order to preserve the status quo pending the trial on the merits." The trial on the merits has been had. Although the plaintiff has taken a suspensive appeal from the State Court action, it is to be noted that Judge Christenberry obviously did not intend to have this forum adjudicate the State Court possessory action. Furthermore, Judge Christenberry did not intend for the injunction to be in effect past the "trial on the merits" for if he would have intended this, he would have used language to the effect that the injunction would apply "until a final judgment has been rendered in the State Court." There can be no question but that he was interested only in maintaining a *status quo* until trial had been had on the merits.

---

**3.** The trivia of plaintiff's complaint is demonstrated by the fact that she rents for $120 annually the entire property except for a small portion upon which there is a house which she apparently visits on weekends; her principal complaint for which she seeks injunctive relief is that cows of defendant are sometimes driven across the area of the disputed 10 foot roadway to the north; defendants' cows sometimes graze upon the 10 foot disputed part of the property to the south; and that a tenant is occupying the house which encroaches 29–40 feet on the east. It is specifically to be noted that these areas are the ones in dispute between the parties and that it was these particular areas which the State District Court denied to plaintiff's husband in accordance with the Louisiana possessory action referred to hereinabove. Moreover, taking into consideration that the Magistrate ruled that the "Tycer" survey governs, there can be no present violation of the injunction as pertains to use of the ten foot roadway to the north, as it is clearly delineated on said survey as a roadway.

Accordingly, this Court is of the opinion that the injunction insofar as it attempts to preserve the *status quo* during a pending State Court proceeding is no longer necessary.

■ Furthermore, insofar as the possessory action is concerned, it should be dismissed (1) as either being *res judicata* (if we assume that the parties are the same because Mrs. Gaulter admittedly was acting as the agent of her husband) or (2) on the basis of judicial estoppel, if we assume that the parties are not identical, (3) and/or on the basis of abstention by this Court. This case appears to be a classic example of the exceptional case to which the doctrine of abstention should be invoked as delineated by the Supreme Court in *Colorado River Water Conservation District et al. v. U. S.,* 424 U.S. 800, 76 S.Ct. 1062, 47 L.Ed.2d 278 (1976). Plaintiff, who has a pending State Court property dispute, has filed the instant complaint with this Court with vague references to due process, equal protection of the law, conspiracy, coupled with a contrived attempt to show diversity jurisdiction. This is clearly an effort to create pendant jurisdiction and have this Court preempt and adjudicate a dispute between the parties that was in the process of being, and should be determined, by the State Court. Whereas Federal Courts should be zealous of extending their protection to those for whom Sections 42 U.S.C. 1983 and 1985(3) were intended, it would do violence to the altruistic purposes for which such statutes were enacted to permit them to be perverted as sought herein. *Robinson v. McCorkle,* 462 F.2d 111 (3rd Cir. 1972); *Sykes v. State of California,* 497 F.2d 197 (9th Cir. 1974); *Barrio v. McDonough District Hospital,* 377 F.Supp. 317 (S.D.Ill.1974).

■ The attorney for Sheriff Frank Edwards introduced evidence to the effect that his attorney's fees in connection with defending the Sheriff in these contempt proceedings amounted to $500 fee and $156.15 costs (Exhibit Edwards # 1). The Court finds such to be reasonable for the services performed herein and is of the opinion that same should be awarded to him in order to make an innocent party whole. *Dow Chemical Co. v. Chemical Cleaning, Inc.,* 434 F.2d 1212 (5th Cir. 1970); *Bonanza International, Inc. v. Corceller,* 343 F.Supp. 14 (E.D.La.1972).

Accordingly, after considering the law, evidence, testimony and argument of counsel,

IT IS ORDERED:

1. The plaintiff's motion to reconsider diversity is denied.

2. The order of Magistrate Morey L. Sear dated January 28 and 30, 1976, be and it is hereby affirmed and adopted.

3. Plaintiff's motion to hold defendant Sheriff Frank Edwards in contempt is denied.

4. Plaintiff's motion to have the United States Marshal's office enforce the injunction is denied, and the injunction is dissolved.

5. Plaintiff's possessory action herein is dismissed.

6. All costs of court incurred, including deposition costs, subsequent to January 28, 1976, are to be paid by plaintiff.

7. This Court shall retain jurisdiction of this complaint insofar as it pertains to plaintiff's claim and allegations for damages pursuant to 42 U.S.C. § 1983 and § 1985(3).

8. Plaintiff shall pay to Sheriff Frank Edwards the sum of $500 in attorney's fees and $156.15 in costs.