**Abraham SHAMIE, Plaintiff,**

v.

**CITY OF PONTIAC, Wallace E. Holland, Ralph W. Behler, John E. Appleton, Robert W. Bowens, Louis M. Palace, Robert J. Parker, Marguerite Simpson, Frank Smiley, H. Tom Padilla and Elizabeth Stogdill, Defendants.**

Civ. A. No. 75–72400.

United States District Court, E. D. Michigan, S. D.

May 7, 1981.

A. Stuart Tompkins, Southfield, Mich., for plaintiff.

Peter A. Letzmann, Police Legal Advisor/Deputy City Atty., Pontiac, Mich., for defendants.

## OPINION

FEIKENS, Chief Judge.

Plaintiff Abraham Shamie tried from 1970 to 1979 to obtain a liquor license from defendant City of Pontiac, Michigan. In 1975 he brought this suit, claiming that Pontiac's refusal to grant him a hearing on his license application violated his rights to due process and equal protection. At a hearing on a motion for a temporary restraining order on December 16, 1975, defendant agreed to process plaintiff's application, and provide him with a statement of reasons if the application was denied. I incorporated the terms of this agreement into a court order.

On June 8, 1976, defendant denied plaintiff's application, but did not indicate its reasons. I found that the agreement had given plaintiff a property interest protected by due process, *see Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), and awarded plaintiff exemplary damages of $25 per day. The United States Court of Appeals for the Sixth Circuit reversed. They held that the agreement did not give plaintiff a protected property interest, but suggested that defendant may have placed itself in contempt by failing to comply with my court order. *Shamie v. City of Pontiac,* 620 F.2d 118, 121 (6th Cir. 1980). Plaintiff now moves for a finding of civil contempt, and for damages.

█ In federal court, civil contempt compensates a party for damages caused by another party's failure to comply with a court order. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 69 S.Ct. 38, 93 L.Ed. 365 (1949). The Court of Appeals referred to my court order thus:

> At a preliminary hearing, counsel for defendant-appellant Pontiac assured the court that city authorities would process Shamie's then-pending license application in accordance with routing procedures prescribed by a new city ordinance. In response to a suggestion by the district judge, Pontiac's attorney also agreed that

the licensing commission would, in the event of a negative decision, furnish Shamie with reasons supporting denial of his application. Shamie accepted the City's proposals and on December 16, 1975, the court issued an order embodying the parties' agreement.

620 F.2d at 119.

During early 1976, plaintiff supplemented his license application to conform with defendant's substantive and procedural requirements. These events are outlined in detail in my original opinion. Finally, on June 8, 1976, the City Commission rejected the application, stating only that it was not "consistent with the priorities established".

■ I find defendant in contempt for its behavior. This phrase does not constitute even a good faith attempt to comply with my order. I indicated on the record that a statement of reasons was necessary in order for me to determine whether or not defendant's action was arbitrary or capricious. Abuse of discretion was the heart of plaintiff's complaint. Instead, defendant's "explanation" appears to have been calculated specifically to preclude any meaningful review of its decision.

■ Defendant contends that it may not be held in contempt because my order was never reduced to writing. It has not cited any authority which supports this proposition. Certainly, a party cannot be held in contempt if the court did not state clearly what it intended to require or to forbid, *International Longshoremen's Association Local 1291 v. Philadelphia Marine Trade Association,* 389 U.S. 64, 76, 88 S.Ct. 201, 208, 19 L.Ed.2d 236 (1967), but there is no problem of vagueness here. As indicated by the record, my order clearly required defendant to provide plaintiff with a statement of reasons if it denied his license application. No writing was necessary to make the order binding upon defendant. This was a simple "violation of a court order by one who fully understands its meaning but chooses to ignore its mandate". *Id.* at 76, 88 S.Ct. at 208.

■ Plaintiff seeks damages for expenses he incurred between June 8, 1976 and July 12, 1979, when defendant finally explained its refusal to grant plaintiff a license. *See McComb v. Jacksonville Paper Co., supra.* Plaintiff argues that he continued to occupy and maintain his building during this period because he expected at any time that his application might be granted. Further, he urges that he spent money to remodel and improve the facility, trying without success to guess the "problems" which defendant refused to identify. If he had known in 1976 that his efforts were futile, he claims that he would have sold the building and abandoned the entire project.

■ I find plaintiff's testimony persuasive. If defendant had told him in 1976 why his application would not be granted, plaintiff probably would have abandoned the venture, and moved on. Nonetheless, he is not entitled to recover for all of the individual items of damage which he has tried to prove. For certain items, his proof has simply been inadequate. For instance, his testimony about a change in the fair market value of the building was too speculative to provide a basis for recovery. Also, damages awarded for civil contempt must bear some "reasonable relation" to the contempt. *United States v. Aberbach,* 165 F.2d 713 (2d Cir. 1948). Certain claimed damages, such as stereo equipment stolen from the building, were too remotely tied to defendant's action for me to award compensation. On the other hand, a contemnor must not be permitted to escape liability simply because he has caused damage which is difficult to measure. *See Leman v. Krentler-Arnold Hinge Last Co.,* 284 U.S. 448, 52 S.Ct. 33, 76 L.Ed. 519 (1932); *EEOC v. Georgia-Pacific Corp.,* 16 F.E.P. Cases 1225 (D.Or.1976); *Novo Industrial Corp. v. Nissen,* 30 Wis.2d 123, 140 N.W.2d 280 (S.Ct. 1966). Considering all of the evidence, I find that plaintiff incurred the following expenses because defendant failed to obey my order:

Cost of utilities:

| | |
|---|---:|
| telephone service | $ 523.64 |
| electricity | 4,247.81 |
| water | 580.12 |

Taxes:

| | |
|---|---|
| City of Pontiac tax | $5,612.57 |
| Oakland County tax | 1,049.74 |

Interest payments on land contract: $2,557.73

Total $14,571.61

This amount, plus plaintiff's attorney fee, is the best estimate available of the damages proximately caused by defendant's contempt. His actual damages may well have exceeded this sum, but these are the only amounts which he has been able to prove with reasonable certainty.

Plaintiff seeks to include as an element of damages the fees he paid his attorneys after June 8, 1976. His attorneys have submitted affidavits which outline 143.35 hours of work, at a suggested rate of $100 per hour, plus costs of $1,555.56. Attorney fees are a compensable element of damages for civil contempt. *E. g., Dow Chemical Co. v. Chemical Cleaning, Inc.,* 434 F.2d 1212 (5th Cir. 1970), *cert. denied,* 402 U.S. 945, 91 S.Ct. 1621, 29 L.Ed.2d 113 (1971). I find the number of hours and costs claimed by plaintiff's attorneys to be reasonable, but I find the rate of compensation to be excessive. A reasonable rate for work of this nature is $85 per hour. At this rate, plaintiff is entitled to recover $13,740.31 for attorney fees and related costs, producing a total award of $28,311.92.

Pursuant to an earlier order, defendant deposited the sum of $29,225 with the Clerk of this Court in 1979. Of this amount, $28,275 was later paid to plaintiff. The sum of $950, plus accumulated interest, remains on deposit with the Clerk. The order which accompanies this opinion provides for satisfaction of this judgment from these retained funds.

### ORDER

For the reasons stated in the accompanying opinion, IT IS ORDERED that plaintiff's motion for civil contempt be, and the same hereby is, GRANTED, and damages are awarded in the sum of $28,311.92. The sum of $28,275, already received by plaintiff pursuant to the order of this Court on January 15, 1980, shall be credited against this sum. For this reason, IT IS ORDERED that the Clerk of the Court pay from funds on deposit the sum of $36.92 to plaintiff Abraham Shamie, and DAVID R. KRATZE, P. C., his attorneys. IT IS FURTHER ORDERED that the remainder of the fund, including accumulated interest, be paid to defendant, City of Pontiac, Michigan, and PETER A. LETZMANN, its attorney.