LILES, Chief Judge.
The plaintiff, Eleanor Burris, a nurse, is appealing from a verdict directed in favor of defendant, Morton F. Plant Hospital, following the close of plaintiff’s case.
At one time plaintiff had worked as a full-time employee of the defendant. Plaintiff resigned her full-time employment and worked on a part-time basis. About March 30, 1964, in anticipation of forthcoming surgery, plaintiff terminated her part-time employment. On July 13, 1964, plaintiff went upon the premises of defendant hospital to undertake private duty nursing. When Miss Smith, the director of nursing, *522 learned of plaintiff’s presence in the hospital she asked the plaintiff to come to her office. In the confines of Miss Smith’s office, and with no one else present, Miss Smith, speaking on behalf of the hospital director, Roger White, informed plaintiff that charges regarding her allegedly unethical practice and conduct had been made. Plaintiff was told she could no longer practice in the hospital and was asked to leave the hospital premises.
On July IS, 1964, the plaintiff and her husband met with the hospital director, Mr. White. At this meeting Mr. White informed plaintiff that certain charges had been made against her by a doctor but that these charges were unsubstantiated. Mr. White told plaintiff that her record would not reflect the incident and that plaintiff was restored to the status of a bona fide applicant for employment. The request was made by Mr. White that plaintiff not make application for employment until after her forthcoming operation. Mr. White then told plaintiff to “hurry back.” Following her operation, plaintiff was not physically able to work until October 6, 1964, at which time she requested part-time employment, however she was not hired at that time. Soon thereafter plaintiff filed suit against a doctor who was a member of defendant’s staff, and when she subsequently applied for employment plaintiff was told that she could not work again at defendant hospital.
Plaintiff’s suit against the hospital was based on the theories of slander and intentional interference with a contractual relationship. From the transcript and appellant-plaintiff’s brief it appears that plaintiff was also complaining of the hospital’s refusal to hire her following her recovery from surgery and request for employment. The defendant is a private hospital and as such falls within the pronouncement of West Coast Hospital Ass’n v. Hoare, Fla. 1953, 64 So.2d 293, 297, wherein the Florida Supreme Court said:
“The management and operation of a private hospital are governed by the rules which apply in the case of a private corporation generally unless modified by statute.”
See 26 Am.Jur., Hospitals and Asylums, § 7. Clearly, defendant enjoys the same rights and freedoms of other private concerns and was therefore under no obligation to hire plaintiff.
The plaintiff had contracted with a patient of the defendant hospital to perform private duty nursing. Because of the hospital’s actions she was unable to perform that contract and she alleges that the hospital is now liable to her for intentionally interfering with her contractual relationship.
Plaintiff’s contention is not sound. In West Coast Hospital Ass’n v. Hoare, supra, at 297, the court said:
“ * * * It seems to be the practically unanimous opinion that private hospitals have the right to exclude licensed physicians from the use of the hospital, and that such exclusion rests within the sound discretion of the managing authorities. * * * ’ ” Quoted from 26 Am.Jur. Hospitals and Asylums § 9, at 592.
Admittedly, this case involved a doctor but its rationale and holding are equally applicable to situations involving a nurse. Thus, since the hospital had the right to exclude her from using the premises, it cannot be held liable for exercising that right and plaintiff’s cause of action must fail. Pros-ser, Torts § 123, Interference with Contractual Relations, Purpose and Privilege (3 ed. 1964). For other cases wherein it was held that hospitals could exclude a physician from using the hospital see Bryant v. City of Lakeland et al., 1946, 158 Fla. 151, 28 So.2d 106; Taylor v. Horn, Fla.App.1966, 189 So.2d 198.
 Plaintiff also alleged that the defendant hospital through the actions of its employees was guilty of slander. However, at trial plaintiff could prove only that the *523 charges concerning her were communicated between the hospital director, the director of nursing and plaintiff. Furthermore, since these communications were pursuant to defendant’s conduct of its business affairs, the defendant enjoys a presumption of lack of malice. To overcome this presumption, plaintiff had to show that publication of said charges was made with malice. Appell v. Dickinson, Fla.1954, 73 So.2d 824. The trial judge in granting defendant’s motion for directed verdict stated that he could find no evidence of malice, a reading of the transcript demonstrates that he was correct in his conclusion. Thus, plaintiff has failed to make a prima facie case in slander.
We have considered the other points raised by appellant and find them to be without merit.
The judgment of the trial court is affirmed.
ALLEN and PIERCE, JJ., concur.