Benjamin B. JACKSON, M.D.,
Plaintiff-Appellant,

v.

NORTON–CHILDREN'S HOSPITALS,
INC., and Certain Committees and Directors thereof, Defendants-Appellees.

No. 73-1303.

United States Court of Appeals,
Sixth Circuit.

Argued Oct 2, 1973.

Decided Nov. 13, 1973.

Benjamin B. Jackson, M. D., pro se.

Joseph E. Stopher, Louisville, Ky., for defendants-appellees; Edward H. Stopher, Boehl, Stopher, Graves & Deindoerfer, Bert T. Combs, Tarrant, Combs, Blackwell & Bullitt, John T. Ballantine, Ogden, Robertson & Marshall, Joe A. Wallace and Hubert T. Willis, Louisville, Ky., on brief.

Before McCREE and MILLER, Circuit Judges, and KRUPANSKY,* District Judge.

PER CURIAM.

■ The plaintiff, a licensed physician, sued the hospital for discharging him from the hospital staff, claiming federal jurisdiction on the basis of 42 U.S.C. Secs. 1983 and 1985, and also on the basis of the general federal question statute, 28 U.S.C. Sec. 1343. The district court in a carefully reasoned opinion sustained the defendant's motion for summary judgment and dismissed the plaintiff's action. He was of the opinion that the action of the defendant hospital did not constitute state action within the meaning of Sec. 1983, not-

* The Honorable Robert B. Krupansky, United States District Judge for the Northern District of Ohio, sitting by designation.

withstanding the receipt by the hospital of Hill-Burton funds and the existence of state regulations governing hospitals. A number of cases support this holding and we are of the opinion that it is correct. Whenever state action has been discovered in the activities of an ostensibly private hospital something more than a partial federal funding is involved. *See* Ward v. St. Anthony Hospital, 476 F.2d 671 (10th Cir. 1973); O'Neill v. Grayson County Memorial Hospital, 472 F.2d 1140 (6th Cir. 1973); Place v. Shephard, 446 F.2d 1239 (6th Cir. 1971); Chiaffitelli v. Dettmer Hospital, Inc., 437 F.2d 429 (6th Cir. 1971); Meredith v. Allan County War Memorial Hospital Commission, 397 F.2d 33 (6th Cir. 1968).

The district court further found that plaintiff was accorded due process of law in his discharge even if it should be assumed that state action was present. The record fully supports the conclusion that the plaintiff was accorded proper notice and a fair hearing at all three levels of the administrative process prior to his discharge, including the Personnel Relations Committee, the Executive Committee, and the Board of Directors Medical Staff Liaison Committee. Despite proper notice, plaintiff failed to attend the hearings or to present any evidence to controvert the charges which had been made against him in connection with his conduct.

As to the Sec. 1985 claim, the district court found that the statute was not applicable so as to confer federal jurisdiction inasmuch as the record wholly failed to reveal a "class-based invidious discriminatory animus" or intent on the part of the alleged conspirators. Our examination of the record convinces us that this finding of the district court is entirely correct.

The judgment of the district court dismissing the action is therefore affirmed.

Although we are constrained to affirm the judgment of the district court for the reasons stated herein, we express no opinion concerning the merits of the appellant's contentions.