COMMUNICATIONS WORKERS OF AMERICA, LOCAL 10317, et al., Plaintiff,

v.

METHODIST HOSPITAL OF KENTUCKY, INC., Defendant.

Civ. A. No. 1700.

United States District Court, E. D. Kentucky, Pikeville Division.

Jan. 7, 1974.

C. Kilmer Combs, Combs & Combs, Pikeville, Ky., for plaintiff.

Donald Combs, Stephens, Combs & Page, Henry D. Stratton, Stratton, May & Hayes, Pikeville, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

HERMANSDORFER, District Judge.

Plaintiffs seek to bring the matter of private employment rights within the ambit of the provisions of 28 U.S.C. § 1343(3) on the grounds that the defendant has violated their federally protected rights under the First and Fourteenth Amendments. The plaintiffs appear in three (3) categories: Achilles "Peko" Williams and Ikey Coleman complain that they were discharged by the defendant Methodist Hospital of Kentucky, Inc. for union organizing activities. The large number of other private plaintiffs join this action because, as alleged in the Complaint, the defendant by "acts . . . calculated to force the remaining individual plaintiff's [sic] either to surrender their rights of free speech and assembly or to strike the defendant hospital". The labor union, Local 10317,

Communication Workers of America, joins protesting the failure of the defendant to recognize it as bargaining agent and to bargain with it.

Jurisdiction is sought under 28 U.S.C. § 1343 and 28 U.S.C. § 1331. It is clear that plaintiffs raise no federal question under 28 U.S.C. § 1331 not encompassed by the civil rights claim and this aspect of the case will not further be discussed.

The defendant is a non-profit hospital specifically exempt from the Federal Labor Management Act, 1947, by the terms of 29 U.S.C. § 152(2). Plaintiffs' appeal to the civil rights statute has been challenged by the defendant's motions to dismiss for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction. Rule 12(b), F.R.Civ.P. A stay order has been entered upon a finding of probable lack of jurisdiction, although it is clear that a dismissal, if one is to be had, must rest on the determination that as a matter of law the plaintiffs have failed to state a claim. Cf. Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Meredith v. Allen County War Memorial Hospital Com'n., 397 F.2d 33, 35 (6th Cir. 1968).

It is the opinion of this Court, for the reasons which follow, that plaintiffs have failed to state a claim upon which relief may be granted and that the motion to dismiss should be sustained. This matter has been ably argued and briefed on more than one occasion. Plaintiffs have filed a Complaint, an Amended Complaint and have tendered a Second Amended Complaint in an attempt to thread the elusive needle which would bind their complaints of private employment matters to a viable claim under 28 U.S.C. § 1343. Although the situation existing between plaintiffs and the defendant is regrettable and engenders mounting frustrations, this Court is bound by the settled principle that the right of private employment is a state, not a federal matter. Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971). Further, discriminations between private persons do not offend the Federal Constitution and afford no basis for the remedies available under the civil rights statutes. United States v. Guest, 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966).

The thrust of plaintiffs' argument, taking all well pled allegations as true, has two (2) major points—first, that the defendant's conduct and attitude in resisting organization by a labor union is discrimination *per se,* and, second, that the conduct complained of constitutes state action within the contemplation of the civil rights statute because the hospital is the recipient of Hill-Burton funds and other medical assistance funding under Title 42, United States Code; because of state exemption of non-profit hospitals from taxation; because of state licensing, regulation, city ownership of the facilities leased in the amount of annual debt service on revenue bonds; and because of participation of the hospital in state medical assistance programs. For purposes of this Opinion all matters are resolved in plaintiffs' favor except the question of the existence of state action.

The existence of partial federal funding in this case is, in and of itself, irrelevant. Browns v. Mitchell, 409 F.2d 593, 595 (10th Cir. 1969). In Jackson M.D. v. Norton-Children's Hospital, 487 F.2d 502 (6th Cir. Decided November 13, 1973), it was noted

"[w]henever state action has been discovered in the activities of an obstensibly private hospital something more than a partial federal funding is involved".

Whatever that "something more" may be in its final definition, it is clear that it bespeaks the nexus standard set forth in Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1973), which requires for a finding of state action in private discrimination matters that the state must have significantly involved itself in the invidious discrimination.

It is not enough to isolate the contacts of the state with the defendant hospital

and conclude *ipse dixit* that this constitutes state action and, therefore, a Section 1343 action will lie. It is obvious that any state conduct amounts to state action. What is lacking here is the relevance of the specified state action. There is no disparity of reasoning in a decision of this Court recently handed down as to this defendant that Title 42, United States Code programs alone were sufficient to constitute state action as to an osteopath seeking staff privileges where the Congress had specifically designated that profession as qualified to discharge the medical functions under Title 42 programs. There, a denial solely on the basis that the doctor was not qualified for staff privileges because he was not a graduate of an approved medical college was held impermissible as far as the due process right to make application and be considered was concerned. Here, there is no allegation of any fact or suggestion wherein the conduct of the state, defining that term most liberally, touches the internal employment practices of the hospital. The Commonwealth of Kentucky is a common law jurisdiction in which the conduct of the defendant, seen in its worst complexion, does not violate state law. For the defendant to be responsible to remedies available under 28 U.S.C. § 1343, it is necessary that plaintiffs fairly establish, at least arguably, that the disputed conduct is germane to the color of the state law, statute, ordinance, regulation, custom or usage relied upon. The admonition of Burton v. Wilmington Parking Authority, 365 U.S. 715, 722, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961), to sift the facts and seek out inobvious and obscure state involvement is understood to impose upon the trial court the duty, in a case such as this, to ascertain if any grounds exist upon which the apparently private conduct of the defendant may be found to be essentially public. The Moose Lodge No. 107 v. Irvis, *supra,* opinion makes it certain that where such nexus exists it must be reasonably 'significant'. 407 U.S. at 173, 92 S.Ct. 1965. It is in the factual situation where the shift from private to public considerations lies. This is the crux of state action in a claim such as the one presented by the plaintiffs.

Free speech may be chilled and the right of assembly impaired among private persons without corrective constitutional cognizance, Orr v. Trinter, 444 F. 2d 128 (6th Cir. 1971); but a public utility "inexorably entwined" within governmental regulations and policies may not take advantage of a self-help statute as to a public customer, and remove its equipment without offending procedural due process notwithstanding that the customer was delinquent in payment. Palmer v. Columbia Gas of Ohio, Inc., 479 F.2d 153 (6th Cir. 1973). It does not follow, however, that a like result would be reached in the *Palmer* case had it arisen in an employee discharge case absent a showing that the tentacles of the governmental entwinement were of significant relevance to such complaint.

The factual analysis of a civil rights claim under 28 U.S.C. § 1343 is not a mechanistic procedure—no clearly defined yardstick can be applied to measure precisely the dividing line between a viable and non-viable claim—but, nevertheless, a rational analysis can be made under the teachings of binding precedents as to whether the public aspects contemplated by the requirement of state action exist to a significant degree with relevance to the allegations of discrimination. Upon careful consideration, the determination is made that plaintiffs have failed clearly to state claims upon which relief can be granted as to any individual plaintiff or groups of plaintiffs.

Accordingly, defendant's motion to dismiss for failure to state a claim upon which relief can be granted is sustained.

The Complaint is dismissed and this cause is stricken from the docket.