Arcadio C. **BARRIO**, M.D., **Plaintiff,**

v.

**McDONOUGH DISTRICT HOSPITAL, an Illinois not-for-profit corp., et al., Defendants.**

No. P–CIV–74–2.

United States District Court,
S. D. Illinois, N. D.

June 19, 1974.

318

Peter H. Lousberg, Rock Island, Ill., for plaintiff.

Richard N. Molchan, Peoria, Ill., for McDonough Hospital and D. McConkey.

Thomas W. Dye, Macomb, Ill., David B. Mueller, David A. Nicoll, Peoria, Ill., for Lyle Adams.

John V. Simshauser, Macomb, Ill., for D. Dexter, K. Pawlias, J. Symmonds, Bruce Borum, J. Daniel Mazar.

DECISION AND ORDER ON MOTION

ROBERT D. MORGAN, Chief Judge.

■ Jurisdiction over the complaint herein is invoked under the provisions

of 28 U.S.C. § 1343.[1] The complaint rests upon the theory that plaintiff, a suspended former member of the medical staff of the defendant hospital, was suspended from the staff in violation of the provisions of the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985(3), and in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. Defendants named in the complaint are the hospital, its administrator, and various members of the Executive Committee of the medical staff of the defendant hospital.

The defendants, jointly and severally, have moved to dismiss the complaint upon the grounds, among others, that it is prolix and conclusory and that it fails to state a cause of action within the court's jurisdiction. Both of those grounds are meritorious.

One can distill from the complaint factual allegations that plaintiff was, in May, 1973, suspended by the Executive Committee of the staff members from the hospital's staff for a period of thirty days, that in September, 1973, he was permanently suspended by the said Committee, that thereafter, in November, 1973, his suspension was affirmed following administrative review of the Committee's action, and that on March 11, 1974, the Board of Directors of the defendant hospital reaffirmed those decisions.

█ The balance of the complaint can only be characterized as a prolix mass of conclusions that those actions taken resulted from a conspiratorial course of conduct by the individual defendants. Though every intendment must be in-

dulged in favor of a pleading, this complaint must be dismissed for the reason that it does not contain factual allegations, as opposed to conclusory allegations, sufficient to state a cause of action over which the court has jurisdiction, and for the further reason that the complaint, as drawn, would defy any intelligent effort to compile an answer thereto.

The matter might rest at that point upon these motions, but the court feels that the interests of justice and economy of time for all concerned requires further inquiry and evaluation of the background of this controversy as it relates to the precedents defining the requisites of a factual basis for a jurisdictionally sound claim.

█ To state a cause of action under Section 1983, it must be alleged that the acts of which complaint is made were actions taken under color of state law.[2] It must involve a misuse of power, possessed by virtue of state law and made possible because of the authority thereby vested in the alleged wrongdoer. Monroe v. Pape, 365 U.S. 167, 183–187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). "Color of state law" has been equated with the term "state action" within the context of the Fourteenth Amendment. United States v. Price, 383 U.S. 787, 794, n. 7, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966).

█ In essence, this complaint bases the conclusion that defendants acted in the premises under color of state law upon the facts that the hospital does receive federal or state aid under the provisions of the Hill-Burton Act, 42 U.S.C. § 291 et seq. Though there is some conflict in the authorities, a majority of

---

1. That statute creates a jurisdictional basis for litigation in federal courts of claims for equitable relief, or, in a proper case, for damages which arise under the Civil Rights Act or the Federal Constitution. The statute creates no substantive rights, but only fixes jurisdiction to decide controversies arising under the Constitution or certain substantive statutes enacted by Congress. *E. g.*, Howard v. State Dept. of Highways of Colorado, 478 F.2d 581, 585 (CA 10 1973).

2. "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

courts facing the question have held that the fact of receipt of Hill-Burton funds and the fact that a private hospital is subject to state regulations do not make acts by the hospital or its staff acts done under color of state law. *E. g.,* Jackson v. Norton-Children's Hospitals, Inc., 487 F.2d 502, 503 (CA6 1973); Ward v. St. Anthony Hosp., 476 F.2d 671, 674–675 (CA10 1973); Don v. Okmulgee Memorial Hosp., 443 F.2d 234, 235 (CA10 1971). Cases involving private hospitals are not to be equated with those operating under some degree of direct state control. *E. g.,* Meredith v. Allen County War Memorial Hospital Com'n, 397 F.2d 33 (CA6 1968); Birnbaum v. Trussell, 371 F.2d 672 (CA2 1966), in each of which managerial personnel were state appointees.

In short, to state a claim under Section 1983, it will be necessary for any amended complaint to allege facts in addition to the facts of state regulation and the receipt of public funds, if such an amended complaint is to, *prima facie,* allege an action under color of state law.

■ The requisites of a cause of action under Section 1985(3) have been succinctly defined by the courts.[3] Unquestionably, that section does apply to private conspiratorial acts, without any necessity of state involvement. As the Supreme Court said in Griffin v. Breckenridge, 403 U.S. 88, 101–102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971):

"[The fact that Section 1985(3) was intended to reach private action] does not, however, mean that it was intended to apply to all tortious, conspiratorial interference with the rights of others. * * * The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose—by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment [as reflected in the legislative history of the Act.] * * * The language requiring intent to deprive of *equal* protection, or *equal* privilege and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. * * *" (Emphasis by the Court)

In the context of precedents squarely in point, the courts have consistently held that a class-oriented, invidious animus must be alleged to state a cause of action under 1985(3). *E. g.,* Jackson v. Norton-Children's Hospitals, Inc., *supra;* Ward v. St. Anthony Hospital, *supra* at 676; Birnbaum v. Trussell, *supra* at 676. In the latter case the court said that the allegation of unequal application of the law to an individual does not state a 1985(3) action even if that action was malicious, if the factual circumstances failed to indicate the existence of a class-oriented, invidious animus.

■ Accepting every conclusion of this complaint at face value, the complaint alleges only that there existed an animosity by other members of the medical staff against the plaintiff, as an individual, and that the action of the defendant was provoked and carried through to fruition because thereof. Thus, in this area the complaint may or may not indicate the existence of a tort action under state law, but it does not

---

3. "If two or more persons * * * conspire * * * for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; * * * [and in any case of such conspiracy] if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right of privilege of a citizen of the United States, the parties so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3).

 

even conclude that the requisite animus existed to invoke the remedy provided by Section 1985(3).

 Finally, to allege a denial of due process of law in violation of the Fourteenth Amendment, the complaint must allege facts sufficient to show that the matter of which plaintiff complains involved action by the State, as opposed to action by private individuals. More than ninety years ago the Supreme Court stated that, "Individual invasion of individual rights is not the subject matter of the" Fourteenth Amendment. Civil Rights Cases, 109 U.S. 3, 11, 3 S. Ct. 18, 21, 27 L.Ed. 835 (1883). From exposition hereinabove, it is apparent that no state action is alleged herein, even if the court accepts conclusory allegations as factual. As plaintiff suggests, the Fourteenth Amendment guarantee of due process is involved in the suspension of a physician from a hospital staff by state action. *E. g.*, Meredith v. Allen County War Memorial Hospital Com'n, *supra*. Though each Woodbury v. McKinnon, 447 F.2d 839 (CA5 1971), and Suckle v. Madison General Hospital, 362 F.Supp. 1196 (W.D.Wis., 1973), does state in exposition that the suspension of a physician did raise a federal due process question, neither opinion recites any facts upon which that conclusion by the respective courts rests. Neither can be read as holding that the due process question can arise divorced from some action by a state. To the extent that either of those cases may rest upon the simple fact that the hospital was subject to state regulation and may have received support from public funds, that decision is opposed to the majority, and better-reasoned, view hereinabove discussed with reference to the impact of Section 1983 upon the claim herein sought to be asserted.

Briefs have been filed by the parties in support of the motion and against the motion. It appearing to the court that the interests of justice do not require an oral hearing upon the motion, this decision is rendered without scheduling the cause for oral argument, pursuant to the provisions of Local Rule 12(b).

For the foregoing reasons, this complaint is dismissed, without prejudice to plaintiff's right to file an amended complaint, consistent with the views herein expressed, within twenty (20) days of the date hereof.