No. 75–759. TAYLOR ET UX. *v.* ST. VINCENT'S HOSPITAL. C. A. 9th Cir. Certiorari denied. ▮▮▮▮▮

MR. JUSTICE WHITE, with whom THE CHIEF JUSTICE joins, dissenting.

Once again, see *Greco* v. *Orange County Memorial Hospital,* 423 U. S. 1000 (1975) (WHITE, J., dissent-

---

ing), this Court leaves standing a square conflict on an important point of federal law. The Court of Appeals for the Ninth Circuit held in the instant case that the receipt by the respondent hospital of federal funds under the Hill-Burton Act, 78 Stat. 447, 42 U. S. C. § 291 *et seq.,* does not render the hospital an instrumentality of the Government so that its actions are governed by constitutional requirements applicable to the States or the Federal Government. The court's holding is consistent with the law in three other Circuits, *Doe* v. *Bellin Memorial Hospital,* 479 F. 2d 756 (CA7 1973); *Ward* v. *St. Anthony Hospital,* 476 F. 2d 671 (CA10 1973); *Jackson* v. *Norton-Children's Hospitals, Inc.,* 487 F. 2d 502 (CA6 1973), but squarely in conflict with the rule in the Fourth Circuit. *Doe* v. *Charleston Area Medical Center,* 529 F. 2d 638 (1975); *Christhilf* v. *Annapolis Emergency Hospital Assn., Inc.,* 496 F. 2d 174 (1974); *Sams* v. *Ohio Valley General Hospital Assn.,* 413 F. 2d 826 (1969); *Simkins* v. *Moses H. Cone Memorial Hospital,* 323 F. 2d 959 (1963).

The consequence is that hospitals receiving Hill-Burton funds in the Fourth Circuit are subject to very different rules as a matter of federal law than are similar hospitals in at least four other Circuits. This Court should not, consistent with a responsible exercise of its certiorari jurisdiction, permit such conflicts on important points of federal law to remain unresolved.