336 So.2d 427 (1976)
Stanley S. MOLES, M.D., P.A. D/B/a Diagnostic Clinic, and Myron W. Wheat, Jr., M.D., Appellants,
v.
Roger S. WHITE, Individually, and As Executive Director and Administrator of the Morton F. Plant Hospital, et al., Appellees.
No. 75-1572.
District Court of Appeal of Florida, Second District.
August 6, 1976.
Rehearing Denied September 10, 1976.
*428 Charles F. Robinson and J. Bruce Harper of Robinson, Macpherson, Johnson & Harper, Clearwater, for appellants.
Emil C. Marquardt, Jr. and James A. Martin, Jr. of McMullen, Everett, Logan, Marquardt & Cline, Clearwater, for appellees.
BOARDMAN, Judge.
Appellants/plaintiffs timely appeal from an order granting appellees'/defendants' *429 motion to dismiss with prejudice all counts of the amended complaint for failure to state a cause of action.
The appellants are Stanley S. Moles, M.D., P.A., a Florida professional service corporation employing licensed physicians practicing various medical specialities, including those essential to open heart surgery; and Myron W. Wheat, Jr., M.D., a licensed medical doctor, well qualified and specializing in open heart surgery, employed at Stanley S. Moles. The appellees are the Morton F. Plant Hospital, Inc., a nonprofit Florida corporation which owns, operates, and manages The Morton F. Plant Hospital (Hospital) in Clearwater, Florida; Roger S. White, executive director and chief executive officer of the Hospital; and Charles Lasley, M.D., Donald R. Eubanks, M.D., and Javier Ruiz, M.D., medical staff members of the Hospital. The Hospital is the only facility in the Clearwater area authorized to provide open heart surgery and supportive services. In February, 1975, appellant Wheat's application for appointment to the Hospital was summarily rejected by appellee White, without referral of the application to the Credentials Committee for qualification, or to the medical staff of the Hospital for a recommendation, prompting this action.
Appellants contend that it was error to dismiss the said complaint because the material facts averred in the complaint allege a cause of action for a violation of the state antitrust provisions, denial of due process, restraint of trade or commerce, and breach of a fiduciary trust and public purpose. We cannot agree.
The Florida antitrust statute, entitled "COMBINATIONS RESTRICTING TRADE OR COMMERCE," is by its very terms applicable solely to business activity characterized as "trade" or "commerce." Fla. Stat., § 542.01. Florida case law has not yet determined operation of a hospital or the practice of medicine to be within the ambit of this statute, and we are not prepared to hold that such was the intention of the legislature. Consequently, Counts I, II and IV, concerning restraint of trade, must fail.[1] See 54 Am.Jur.2d, Monopolies, Restraints of Trade, and Unfair Trade Practices (1968, Supp. 1975); 22 Fla.Jur., Monopolies, Combinations, and Restraints of Trade § 2 (1958, Supp. 1975) and Unfair Trade Practices § 487 (1971, Supp. 1975); 58 C.J.S. Monopolies § 18 (1948, Supp. 1975).
Appellant contends that the trial court could not, as a matter of law, conclude that the Hospital was a private entity immune from adhering to the universally recognized requirements of due process. The trial court relied on a Supreme Court of Florida decision, West Coast Hospital Ass'n. v. Hoare, Fla. 1953, 64 So.2d 293, to reach its ruling that the Hospital is a private institution. Coincidentally, that decision concerned the same hospital involved in the instant case. In Hoare, the supreme court said:
Without determining the question, it may be that the Legislature has the power and authority to regulate private hospitals, but it has not attempted to do so. There are sufficient fields of endeavors or activities once considered proper for the exercise of free enterprise, where now the government, by specific legislative enactments, is owning, regulating or controlling such endeavors or activities, without the courts invading the legislative field, by adding other endeavors or activities to the ownership, regulation or control of government, political subdivisions or public officials.
Our hospital licensing laws have not been substantially changed since before the Hoare case. Fla. Stat., Ch. 395. With respect to the effect of a more recent rule promulgated by the Department of Health and Rehabilitative Services under the authority of the hospital licensing law, we concur with the following comment contained in the order entered below:
... It is noted that the rules of the Division of Health, Department of Health *430 and Rehabilitative Services, Hospital Licensure, 10D-28.08(f) provides for the appointment of members to the medical staff by the governing authority of the hospital and that no action on appointment shall be taken without prior referral to the medical staff for their recommendation, and that the governing body shall only appoint members to the medical staff as recommended by the medical staff. Wherefore, if the alleged refusal to accept and qualify Plaintiffs application constitutes a breach of state agency rules, the agency should be advised so that it may examine the offense.
By the passage of Fla. Stat. §§ 381.493-497, the state has become involved in the planning of new hospital facilities, but this legislation does not suggest a legislative determination to become involved in the day-to-day management of these facilities.
In the meantime, our Florida courts are continuing to distinguish between public and private hospitals. Cf. North Broward Hospital Dist. v. Mizell, Fla. 1962, 148 So.2d 1; Monyek v. Parkway General Hospital, Inc., Fla.App.3d, 1973, 273 So.2d 430; Burris v. Morton F. Plant Hospital, Fla.App.2d, 1967, 204 So.2d 521. See 40 Am.Jur.2d, Hospitals and Asylums § 26 (1968, Supp. 1975); 41 C.J.S. Hospitals § 3 (1948, Supp. 1975). Although the complaint alleges in general terms comprehensive and persuasive regulation by the state and national governments, this is a conclusion by the appellants and does not change the nature of the Hospital from private to public. While the Hospital may receive funds from tax assessments and from the public generally, that is not sufficient to render it a public institution. See West Coast Hospital Ass'n. v. Hoare, supra.
We have read the cases cited in appellants' brief and are aware that there are cases decided in other jurisdictions which hold that acceptance of Hill-Burton funds for hospital construction will establish a sufficient nexus with the state to require adherence to the principles of due process by the recipients. Notwithstanding, we adhere to the view expressed in several other cases that the mere acceptance of these funds does not impose due process requirements upon a private hospital unless it be shown that there is state action supporting the discriminatory activity. Greco v. Orange Memorial Hospital Corporation, 5th Cir.1975, 513 F.2d 873; Jackson v. Norton-Children's Hospitals, Inc., 6th Cir.1973, 487 F.2d 502; Ward v. St. Anthony Hospital, 10th Cir.1973, 476 F.2d 671. No allegations of racial discrimination are being made in this case. See Greco v. Orange Memorial Hospital Corporation, supra. The requisite state action necessary to bring into play these constitutional principles must encourage rather than discourage the discriminatory practices. Barrett v. United Hospital, D.C.N.Y. 1974, 376 F. Supp. 791, aff'd 506 F.2d 1395 (2d Cir.1974). See Annot., 37 A.L.R.3d 645.
Count V alleges a breach of a fiduciary trust perpetrated upon the citizens of the City of Clearwater, not parties to this suit, and violation of public purpose. The allegation that the Hospital has a public purpose does not, in our judgment, make it a public entity. Apropos to this contention is the following statement of the court in Barrett v. United Hospital, supra:
... Even if it may be successfully argued that a private hospital is performing a public function it is clear that the function involved is the admission and treatment of patients, not the hiring and firing of doctors, nurses and other staff personnel. I find no compelling authority for extending the `public function' argument to a private hospital in the absence of a nexus between the governmental function performed and the violative activity alleged.
The conclusionary allegations of this count add nothing to the other portions of the complaint which have previously been held to be insufficient.
For the reasons stated above, we hold that the trial court's order dismissing the *431 amended complaint for failure to state a cause of action was proper and should be, and is, hereby
AFFIRMED.
McNULTY, C.J., and GRIMES, J., concur.
NOTES
[1] Count IV of the complaint did not allege a violation of Chapter 542 of the Florida Statutes but only alleged an unlawful restraint of trade.