Jerome WATERS, M. D.,
Plaintiff-Appellant,

v.

ST. FRANCIS HOSPITAL, INC., a Florida non-profit corporation, et al., Defendants-Appellees.

No. 78–1302.

United States Court of Appeals, Fifth Circuit.

June 9, 1980.

Elizabeth J. duFresne, Miami, Fla., for plaintiff-appellant.

Heller & Kaplan, Daniel Neal Heller, Robert Golden, Miami, Fla., for defendants-appellees.

Before GEWIN, RUBIN and SAM D. JOHNSON, Circuit Judges.

GEWIN, Circuit Judge:

Dr. Jerome Waters, a general surgeon, enjoyed staff surgical privileges at St. Francis Hospital in Miami Beach, a private non-profit, tax exempt corporation, for a number of years prior to June 29, 1976. On that date the hospital summarily revoked Dr. Waters' privileges and notified the Florida Board of Medical Examiners of the action. An appeal of the revocation action was granted before an *ad hoc* committee at the hospital which ultimately suggested that Dr. Waters' privileges be reinstated in full force. Despite that recommendation the Executive Committee of the Hospital chose to stand by the revocation. Dr. Waters appealed that decision to the board of directors of the hospital. The Board agreed to restore Dr. Waters' privileges but Dr. Waters contends that the restoration was coupled with so many conditions that no meaningful restoration of privileges occurred.

Dr. Waters then filed suit in the United States District Court for the Southern District of Florida under 42 U.S.C. § 1983 seeking injunctive and monetary relief against St. Francis Hospital and its board of directors. The defendants responded with a motion to dismiss which the court denied in April 1977 relying on Fla.Stat. § 395.065 (1975) which authorizes public and private hospitals to suspend staff privileges for good cause. The court found this statute to represent an effort by the state to influence internal hospital policy; an effort which constituted state action.

After the court's pre-trial order was filed in July 1977 the defendants filed another motion to dismiss. The district court granted this motion based on insufficient allegations in Dr. Waters' complaint of property interests in the staff privileges. Dr. Waters amended the complaint in October 1977. The defendants responded with a motion to dismiss the amended complaint on October 31.

On December 21, 1977 the district court dismissed the action based on an insufficient nexus between the State of Florida and the challenged action of defendants to satisfy the requirement of "state action." Dr. Waters filed a timely notice of appeal to this court contending that Fla.Stat. § 395.065 (1975) delegated to the hospitals authority previously reserved to the state and authorized the hospital's exercise of this authority. Appellant contends on this appeal that the action taken by the hospital must then be considered to be action taken "under color of state law." We are constrained, however, by the view of state action taken by the Supreme Court in the decision which led the district court ultimately to dismiss Dr. Waters' complaint [1] as well as by the Court's decision in a case announced subsequent to the dismissal.[2] Accordingly, believing as we do that the

1. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974).

2. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

district court correctly interpreted controlling case law, we affirm.

■ The Florida statute relied on by appellant to indicate state action in this case actually only "authorizes" hospitals, public and private, to revoke staff privileges for good cause.[3]

This is a right which private hospitals clearly had at common law; the statute delegates no authority previously exclusively held by the state. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 354 n. 11, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). The state has no role in the discipline of private hospital staffs in Florida beyond statutorily authorizing actions hospitals already had a legal right to take.

Since the filing of the appeal in this case, the United States Supreme Court has announced its decision in *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). In that case the Court made the following statement regarding whether enactment of a statute which merely authorizes a previously legal private action constitutes "state action":

> Our cases state "that a State is responsible for the . . . act of a private party when the State, by its laws, has compelled the act." *Adickes [v. S. H. Kress & Co.],* 398 U.S. [144], 170, 26 L.Ed.2d 142, 90 S.Ct. 1598 [(1970)]. This Court, however, has never held that a State's mere acquiescence in a private action converts that action into that of the State. The Court rejected a similar argument in *Jackson [v. Metropolitan Ed-*

*ison Co.],* 419 U.S. [345], 357, 42 L.Ed.2d 477, 95 S.Ct. 449 [(1974)]:

> "Approval by a state utility commission of such a request from a regulated utility, where the commission has not put its own weight on the side of the proposed practice *by ordering it,* does not transmute a practice initiated by the utility and approved by the commission into 'state action'" (Emphasis added).

*Flagg Brothers,* 436 U.S. at 164, 98 S.Ct. 1737–1738, 56 L.Ed.2d 185.

■ The pronouncements of the Supreme Court in *Flagg Brothers* and *Jackson* are quite clear. Unless a state statute *compels* a private party to act in a certain way, that party's action will not constitute "state action" for purposes of invoking the subject matter jurisdiction of 42 U.S.C. § 1983. Unfortunately for Dr. Waters, Fla.Stat. § 395.065 does not *compel* the staff discipline taken in this case and consequently does not amount to "state action."

AFFIRMED.

---

3. Fla.Stat. § 395.065 (1975) provides as follows:
 (1) The medical staff of any hospital licensed pursuant to this chapter is authorized to suspend, deny, revoke, or curtail the staff privileges of any staff member for good cause, which shall include but not be limited to:
 (a) Incompetence
 (b) Negligence
 (c) Being found an habitual user of intoxicants or drugs to the extent that the physician is deemed dangerous to himself or others.
 (d) Being found liable by a court of competent jurisdiction for medical malpractice.

However, the procedures for such actions shall comply with the standards outlined by the Joint Commission of Accreditation of Hospitals and the Principles of Participation in the Federal Health Insurance Program for the Aged.
(2) There shall be no liability on the part of, and no cause of action of any nature shall arise against, any hospital, hospital medical staff, or hospital disciplinary body or its agents or employees for any action taken in good faith and without malice in carrying out the provisions of this section.
The section was repealed by Laws of Florida, ch. 76–168, § 3 (1976). The effective date of the repeal, however, is July 1, 1982.