DOWNEY, Judge.
Appellant, Martin Memorial Hospital Association, Inc., appeals from a final order of the Circuit Court of Martin County declaring a medical staff rule of the hospital unreasonable and, thus, invalid, and enjoining its enforcement.
Factually, it appears that the hospital is a not-for-profit hospital in Martin County, Florida. The Rules of the Florida Department of Health and Rehabilitative Services found in The Florida Administrative Code provide that general hospitals (such as appellant) shall have an effective governing authority responsible for the legal and moral conduct of the hospital; the governing authority shall be organized under approved written by-laws, rules and regulations, which, among other things, shall provide for approval of the by-laws, rules and regulations of the medical staff. The code also requires a medical staff responsible to the governing authority of the hospital for the quality of all medical care provided and for the ethics and practices of its members. Three other rules, which are quite pertinent, provide:
10D-28.57 Medical Service.
[[Image here]]
(2) Emergency Medical Services — All hospitals covered by this Chapter shall arrange for one or more physicians, duly licensed under Florida Statutes to be called in an emergency. Service must be available twenty-four (24) hours a day and medical staff coverage must be adequate to insure that persons needing treatment will be seen within a reasonable length of time relative to the illness or injury that exists.
[[Image here]]
10D-28.65 Surgical Department/Services. The surgical department and/or *223 services shall be organized under effective written policies and procedures regarding surgical privileges, and maintenance of the operating rooms. Rules, regulations and/or policies relating to the operating rooms shall be available for inspection and posted within the department.
[[Image here]]
10D-28.72 Emergency Department/Service. Each hospital shall have at least a written procedure for taking care of the occasional emergency case. Hospitals maintaining an organized emergency service or department shall have written policies and procedures relating to the staff, functions of the services, emergency room medical records, and adequate facilities to assure the health and safety of the patients.
Pursuant to those general directions, the hospital adopted, among others, the medical staff rules set forth at length in the margin.[1]
Difficulties arose among certain of the medical staff regarding the performance of emergency surgery. On occasion-, appellee was the anesthesiologist on weekend call and he refused to administer anesthesia on the grounds that he believed the surgery was not an emergency and not in the best interest of the patient. Appellee complained to the hospital authorities and medical staff without success, and eventually he was suspended for seven days, but the suspension was overruled by the hospital’s board of directors. In any event, the controversy led to the adoption of an amendment to the by-laws providing that, in emergency surgery and urgent surgery, the final decision as to when such surgery should be resorted to was to be made by the attending surgeon, after giving due consideration to the medical and anesthetic risks involved. Appellee contended that the rule was unreasonable; that the decision regarding emergency surgery should be made by the surgeon and anesthesiologist together and, if they could not agree, it should be decided by some higher authority, such as the chief of staff or chief of surgery. Since the new by-law required him to furnish anesthesia services when he believed it was medically contraindicated, appellee filed suit for declaratory judgment and injunction.
The trial court found that “a hospital, even though per se private, has a basis of state action that subjects the hospital to the United States Constitution and specifically the Fourteenth (14th) Amendment” and that Article IV, Section 1(c) of the Medical Staff By-Laws is unreasonable in part and violates due process because there is no provision for an appeal or immediate review when a dispute arises between medical specialties, thus threatening patient care. The court, therefore, declared the by-law unreasonable and invalid and enjoined its enforcement.
The appellate points presented are 1) whether the trial court had the authority to enjoin enforcement of a by-law adopted by a hospital concerning the surgical care of its patients, and 2) whether there was sufficient state action in the case to permit the trial court to review a rule adopted by a *224 private hospital under the fourteenth amendment of the United States Constitution. Since we answer the second question in the negative, it becomes unnecessary for us to reach the first point raised.
Essentially, the trial court found that there was state action because the hospital is licensed by the state and because the Florida Administrative Code provides that there must be a procedure for taking care of an occasional emergency case. However, nowhere within the statute or the rules cited by the court or the appellee in his brief is there any indication that the state has sought to regulate or influence the medical policy to be followed within the hospital with respect to whether the attending surgeon or the on-call anesthesiologist should determine when a case qualifies as an emergency or urgent case requiring surgery. Although the state has directed that there must be some procedure or policy on emergency care, it has remained neutral as to the specific matter at issue in this case. It does not appear that there is “a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself.” Greco v. Orange Memorial Hospital Corp., 513 F.2d 873, 881 (5th Cir.), cert. denied, 423 U.S. 1000, 96 S.Ct. 433, 46 L.Ed.2d 376 (1975) (citing Jackson v. Metropolitan Edison Company, 419 U.S. 345, 95 S.Ct. 449, 453, 42 L.Ed.2d 477, 484 (1974)).
In a nutshell, we hold that the above-mentioned statute and the rules adopted by HRS directing hospitals to set up a governing authority, adopt by-laws, appoint medical staff who, in turn, adopt rules and regulations for their conduct, does not constitute state action so as to authorize a member of the hospital medical staff to seek judicial review of a medical staff rule providing for resolution of a difference of medical opinion as to the necessity for emergency surgery. This type of internal rule is, and should be, left to experts handling the day-to-day operation of the institution. As the hospital says in its brief:
When a court decides to review a hospital rule drafted by a hospital’s operating room committee, sanctioned by the bylaws committee of the staff, blessed by the medical staff as a whole, and adopted by the hospital’s board of directors, a rule which relates solely to the surgical care and treatment of hospital patients, it usurps the authority of the hospital board and undermines the recommendations of the hospital’s medical staff.
While not entirely on point factually, several cases discussed by the parties hold that, before the court can determine a defendant has violated the fourteenth amendment in this context, it must be demonstrated that there is state action involved, otherwise the plaintiff has no standing to complain. Waters v. St. Francis Hospital, Inc., 618 F.2d 1105 (5th Cir.1980); Greco v. Orange Memorial Hospital Corp., 513 F.2d 873 (5th Cir.), cert. denied, 423 U.S. 1000, 96 S.Ct. 433, 46 L.Ed.2d 376 (1975); Moles v. White, 336 So.2d 427 (Fla. 2d DCA 1976), cert. dismissed, 355 So.2d 516 (Fla.1978).
In view of the foregoing, we reverse the judgment appealed from.
HERSEY, C.J., and DAVID L. LEVY, Associate Judge, concur.

. Article XI, Emergency Services, Section I
All Active and Associate Staff appointees in private practice shall serve as consultants to emergency room physicians on a rotating basis as assigned by the President of the Medical Staff. Such on call physicians shall provide their services for the care and treatment of patients seen by them in the emergency room or operating rooms of the hospital. [Emphasis supplied.] Article IV, Surgical Care, Section 1(c)
Emergency Surgery — This category includes those patients whose life is in immediate danger or whose condition is such that lack of immediate surgery could result in serious or permanent harm or danger. After giving due consideration to the added medical and anesthetic risks of treating the patient as an emergency the attending surgeon will determine when his case qualifies as an emergency.
Urgent Surgery — This category includes patients who in the best judgment of the surgeon need surgery at the earliest possible time. After giving due consideration to the medical and anesthetic risks of treating the patient in this category the attending surgeon will determine when his case qualifies as an urgent case.
Elective Surgery — This category includes all patients in whom preparation and scheduling for surgery can be accomplished in the routine fashion. [Emphasis supplied.]