**HENLEY & CO., Incorporated**

v.

**MILLER GOLF EQUIPMENT CORPORATION.**

Civ. No. 337–68.

United States District Court
D. Puerto Rico.

June 27, 1969.

Robert H. Rout, Hato Rey, P. R., for plaintiff.

H. Ward Dawson, Jr., Hato Rey, P. R., for defendant.

## ORDER AND MEMORANDUM

### OPINION

FERNANDEZ-BADILLO, District Judge.

Plaintiff has filed suit in this court by reason of diversity of citizenship invoking as jurisdictional grounds both 28 U.S.C. § 1332 and 48 U.S.C. § 863 and alleging "that plaintiff is a Delaware corporation having its principal place of business at New York" and that defendant "is a Puerto Rico corporation having its principal place of business at Fajardo Playa, Puerto Rico." The amended complaint avers the following basic facts:

On December 22, 1966 one Henley Caribbean, Incorporated, a Puerto Rican corporation, entered into a written agreement, annexed as Exhibit A, with defendant, also a domestic corporation, to sell 20,300 pounds of precipitated Balata rubber to defendant at the price of $5.25 per pound. Pursuant to such agreement two separate shipments of 300 pounds of said goods arrived in Puerto Rico on January 9 and 17, 1967 ready for delivery but defendant refused to accept and pay for them. Shortly thereafter, defendant filed a proceeding under Chapter XI of the Bankruptcy Act and advised its creditor Henley Caribbean, Incorporated that it would not accept delivery of any of the goods. On April 30, 1968 Henley Caribbean, Inc. "assigned all its right, title and interest in and to the agreement to plaintiff," copy of which assignment is annexed as Exhibit B of the amended complaint and made a part thereof.

The defendant urges dismissal of the amended complaint asserting as grounds therefor "that the assignor is an indispensable party as any and all damages suffered * * * can only have been suffered by the Puerto Rican assignor corporation," that "the assignment being sham and fictitious and for no purpose other than to confer jurisdiction cannot confer jurisdiction in the Federal Court" and finally that "the assignment being for $1.00 does not import adequate consideration." In support of its contention that the assignment is sham and fictitious, defendant submitted a letter dated August 27, 1968 signed by L. J. Beatty on behalf of Henley Caribbean, Incorporated which advised defendant that if "600 pounds of Balata rubber that we have been storing here since January 1967 * * * is not purchased from us by September 6, 1968 the entire lot shall be sold on the open market." The other point in support of the collusion argument is based on certain events that took place in the Chapter XI proceeding before the Bankruptcy Court. On May 8, 1968 defendant filed a petition seeking to enjoin Henley Caribbean Incorporated and its attorney Robert H. Rout from taking any action whatsoever in connection with their claim against Miller Golf Equipment Corporation, defendant herein arising out of the December 22, 1966 agreement regarding sale and delivery of Balata rubber by Henley Caribbean, Inc. to Miller Golf Equipment Corporation. An Order to Show Cause was issued against Henley Caribbean Incorporated and counsel Rout on May 9, 1968 by the Referee in Bankruptcy. A hearing was held and a brief filed by Mr. Rout. Defendant contends that no mention was then made of the assignment and "that it was incumbent upon Mr. Rout to advise the Bankruptcy Court that the party sought to be enjoined no longer had any interest because of the assignment, if it in fact conveyed any interest and was for other than collection and was merely to give the Federal Court jurisdiction and thus sham and fictitious."

Plaintiff filed an opposition to defendant's motion to dismiss accompanying several documents which include— (1) An affidavit of Mr. L. J. Beatty, executive vice-president of Henley Caribbean Incorporated, its assignor; (2) a copy of a letter dated August 29, 1968 signed by L. J. Beatty on behalf of Henley & Co., Inc. which advises defendant that its August 27 letter was inadvertently signed on behalf of Henley Caribbean, Inc. and that the only party who is interested in this matter is Henley &

Co. to whom all right, title and interest in the December 22, 1966 agreement had been assigned; (3) Exhibits A, B, C and D which stand for certain affirmations set forth in L. J. Beatty's affidavit, and (4) Affidavit of Robert H. Rout, Esq. in opposition to the motion to dismiss. In substance, plaintiff has submitted these documents to establish a chain of contractual relations that were set off by the 1966 agreement between its assignor, Henley Caribbean Incorporated, and defendant herein. Accordingly, it is asserted that on December 22, 1966 Henley Caribbean Incorporated entered into an agreement for the sale and delivery of 20,300 pounds of Balata rubber to defendant. Pursuant to and in reliance upon said sales agreement Henley Caribbean Incorporated, a company affiliated with plaintiff Henley & Co., Inc., entered into an agreement with plaintiff to purchase 20,300 pounds of Balata rubber in order to supply these goods to defendant as per its December 22, 1966 agreement. Plaintiff in turn entered in to a contract with one Herman Weber & Co., Inc. wherein it purchased 20,300 pounds of Balata rubber in order to supply the same to Henley Caribbean, Inc. Since Herman Weber & Co., Inc. received delivery instructions for only 600 pounds of the goods covered by the contract, in February 1968 said company demanded fulfillment of its contract with plaintiff and in May 1968 engaged counsel to initiate legal proceedings against plaintiff. This claim was finally settled between plaintiff and Weber & Co. for the sum of $8,865.00. It is further stated that in light of the foregoing Henley Caribbean, Incorporated agreed to assign its right, title and interest to its agreement with defendant to plaintiff. The assignment was executed on April 30, 1968 and notarized on May 13, 1968.

 Issues have thus collided in this case and the Court must now determine which are the parties involved in the collision. Defendant insists that, the assignment being sham and fictitious, plaintiff has no business before this federal court in the present law suit. Plain-tiff asserts that there has been no collusion between it and its assignor and that it is not a stranger to the subject matter of the litigation, but on the contrary, has a genuine pecuniary interest in this transaction which predates both the assignment and the subsequent litigation. The Court is confronted with a jurisdictional dispute which brings the assignee clause in 28 U.S.C. § 1359 into play. This section provides as follows:

> "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

Defendant has thrust this challenge at the jurisdictional allegations made by plaintiff. Faced with the presumption which is present in every jurisdictional inquiry, specially in diversity cases, "that it is without the jurisdiction of a court of the United States, unless the contrary appears from the record," McSparran v. Weist, 402 F.2d 867, 876 (3rd Cir. 1968) quoting from Miller & Lux v. East Side Canal & Irrigation Co., 211 U.S. 293, 29 S.Ct. 111, 53 L.Ed. 189, plaintiff must go beyond the bare allegations of its pleading to meet the burden of proving that there are jurisdictional facts to support its case, Steinberg v. Toro, 95 F.Supp. 791, 797 (D.C.Puerto Rico, 1951).

 It is the duty of the court in making the factual determination as to whether jurisdiction exists or is absent in a given case to carefully consider the pleadings, affidavits, depositions and other documentary evidence submitted to its consideration. Decisions interpreting the prohibition contained in the assignment clause of section 1359 have referred to assignments which come within the purview of the clause by using such language as "manufactured jurisdiction," "merely colorable device," "mere collection agency," "surreptitious or fictitious" as opposed to those assignments not banned by the statute which have been catalogued as "real and actual,"

"bona fide," "absolute," "not feigned" and in "the regular course of business." Bullard v. City of Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254 (1933); Caribbean Mills, Inc. v. Kramer, 392 F.2d 387 (5th Cir., 1968) U.S.App. Pndg. 393 U.S. 819, 89 S.Ct. 99, 21 L.Ed.2d 91; McSparran v. Weist, supra; B. & W. Taxi. & Transfer Co. v. B. & Y. Taxi. & Co., 276 U.S. 518, 48 S.Ct. 404, 72 L.Ed. 681 (1928); National Surety Corporation v. Inland Properties Inc., 286 F. Supp. 173 (D.C.E.D.Ark., 1968); Bradbury v. Dennis, 310 F.2d 73 (10th Cir., 1962). Ascertaining whether an assignment is of one type or the other extends judicial inquiry into all the circumstances and conditions "attending the transfer whereby the plaintiff acquired his interest in the suit." Ferrara v. Philadelphia Laboratories, Inc., 272 F.Supp. 1000 at 1007 (D.Ver.1967) aff. 393 F.2d 934 (2nd Cir., 1968).

■ The specific circumstances involved in each case are taken by the courts as evidence of the presence and significance of various jurisdictional factors such as interest in the outcome of the suit, pecuniary benefit derived by the assignee, control of the litigation and motivation of the transfer. No one single factor is sufficient standing alone nor do all of them appear in any single case. Ferrara v. Philadelphia Laboratories, Inc., supra. On the facts of the instant case the following pertinent factors will be discussed.

■ Plaintiff has sustained throughout this controversy that the assignment was not made with the purpose of creating diversity jurisdiction in the federal forum but insists that motive is immaterial so long as the assignment is valid and not sham. There are many decisions which hold that the courts will not inquire into the motives of the transfer or for making the transfer when determining whether they have jurisdiction to entertain the action. This is well illustrated in the early case of B. & W. Taxi. & Transfer Co. v. B. & Y.

Taxi. & Transfer Co., *supra*, 276 U.S., at page 524, 48 S.Ct., at page 405, where the Court said:

> "The motives which induced the creation of respondent to become successor to its Kentucky grantor have no influence on the validity of the transactions which are the subject of the suit. The succession and transfer were actual, not feigned or merely colorable. In these circumstances, courts will not inquire into motives when deciding concerning their jurisdiction * * * It is enough that respondent is the real party in interest * * * The incorporation of respondent or its title to the business and contract in question is not impeached. Cooperation between it and the railroad company to have the rights determined by a federal court was not improper or collusive within the meaning of section 37."

More recent cases have distinguished *B. & W. Taxi. & Transfer Co.* where the old corporation was dissolved and its property and business transferred to its successor. As stated in McSparran v. Weist, *supra* at page 875 of 402 F.2d, the Court in *B. & W. Taxi. & Transfer Co.* disregarded the motives of the transferor in context of a real transaction which according to the Court had significance beyond establishment of diversity jurisdiction. Thus, motive standing alone is no indication of collusion when an actual transfer has taken place. However, when the very question in issue is whether that transfer is real and not feigned the courts have deemed it proper to look into the motives behind the transaction as one of the various factors to be considered. Ferrara v. Philadelphia Laboratories, Inc., *supra*; Steinberg v. Toro, *supra*.

■ In the present case it can fairly be said that plaintiff was not a mere collection agent acting on behalf of and for the benefit of its assignor. Henley & Co., Inc. had a direct and substantial interest in the subject matter of this liti-

gation prior to the assignment and to the suit. Evidence has been submitted by plaintiff, which has not been disputed, to the effect that it became indebted to one Herman Weber & Co. for 20,300 pounds of Balata rubber in order that its affiliate Henley Caribbean Incorporated could fulfill its agreement with defendant. It had knowledge of the events leading to this law-suit and was a party to an actual business transaction with its assignor which vested it with the right to bring suit in its name. This leads us to consider the pecuniary interest of the parties here involved. The record reflects that the assignor retained no pecuniary interest and no power over the subject matter of the suit. Taking the situation as presented before the Court this suit is for the sole benefit of the Delaware corporation, Henley & Co., Inc., who is the only one directly affected by the alleged breach of contract. The undisputed facts concerning the contractual relations described earlier in this opinion certainly show that it is Henley & Co., Inc. who is interested in and in need of recovery.

Defendant has relied upon the *Ferrara* case but it is obvious that the operative facts in that case clearly distinguish it from the present one. Ferrara was indeed a straw party to that action whose main and only function was to supply a federal forum, who had absolutely no interest and no knowledge of the subject matter of the lawsuit prior to the transfer, had no pecuniary interest in the outcome of the action and acted as "merely the agent" of his transferor's attorney. As well stated in that decision it was obvious "that the plaintiff Ferrara had far less at stake in this suit than his non-diverse assignors." In our case there is no one who holds more at stake or has more interest in the controversy before

us than plaintiff itself. The assignment is valid, for adequate consideration,[1] and served to divest the assignee of all prior interest in the contract which is the subject matter in dispute.

The incidents pointed out by defendant are not enough to exclude plaintiff from this jurisdiction. The letter of L. J. Beatty signed on behalf of Henley Caribbean Incorporated has been satisfactorily explained by reasons set forth in his affidavit and by the letter of later date sent by him on behalf of plaintiff. As to the argument that counsel Rout should have mentioned the existence of the assignment at the bankruptcy proceeding this event loses force in light of the fact that the Petition for Order to Show Cause Why an Injunction Should Not Issue filed by defendant in the United States Bankruptcy Court for Puerto Rico dealt only with claimant Henley Caribbean Incorporated and it was solely against this corporation that the show cause order was directed. The matter before the Bankruptcy Court dealt with a purely legal aspect concerning the force and effect of the executory contract between Henley Caribbean Incorporated and defendant. There has been no prior litigation concerning the subject matter of the litigation before this federal court. These isolated incidents are insufficient grounds to justify dismissal on a charge of collusion.

The Court understands that plaintiff has met the burden of proving that there is jurisdictional basis to maintain its case in this jurisdiction.

Accordingly, the Motion to Dismiss the Amended Complaint is denied and it is so ordered and defendant Miller Golf Equipment Corporation is given 20 days hereafter to answer the amended complaint.

---

1. The assignment provides that it is "for One dollar and other good and valuable consideration received from Henley & Co., Incorporated * * *" Plaintiff is out of pocket the sum of $8,865.00 by settlement of its breach of contract with Weber & Co., Inc. which was entered into in reliance upon and to fulfill the agreement between plaintiff's assignor and defendant.