Mrs. Olive Ellis GAULTER,
Plaintiff-Appellant,

v.

Bernard CAPDEBOSCQ et al.,
Defendants-Appellees.

No. 77–1182.

United States Court of Appeals,
Fifth Circuit.

April 30, 1979.

Louis R. Koerner, Jr., Stephen M. Berstein, New Orleans, La., for plaintiff-appellant.

Harold H. Wedig, Gerald R. Cooper, New Orleans, La., for defendants-appellees.

Before TUTTLE, TJOFLAT and HILL, Circuit Judges.

TJOFLAT, Circuit Judge:

This case concerns trespassing cows. The plaintiff, a citizen of Australia, and her husband, a citizen of Louisiana, own about twenty acres of land in Tangipahoa Parish, Louisiana. Defendant Mrs. Gennaro owns adjoining property. The parties were unable to agree on the boundary line between their respective tracts. Plaintiff's husband filed an action for possession in the Louisiana state court. Subsequently, plaintiff brought this action in federal court alleging harassment, trespass, and violations of her civil rights. She also pled a state law diversity claim for possession. The civil rights claims were based on allegations that the sheriff of the parish refused to aid her in preventing trespasses and harassment by defendant Capdeboscq (Mrs. Gennaro's son-in-law) and that the clerk of the parish district court refused to file some of plaintiff's papers in a pending action, all as part of a conspiracy to deny plaintiff's civil rights. Plaintiff alleged jurisdiction of her civil rights claims under 28 U.S.C. § 1343 (1976) and jurisdiction of her state law claim under 28 U.S.C. § 1332 (1976). On a motion to dismiss, the court upheld jurisdiction under section 1343; the state law claim was treated as pendent since plaintiff's husband's Louisiana citizenship precluded diversity jurisdiction.

At the hearing on the motion to dismiss plaintiff pressed for and obtained an injunction "enjoining the defendants Bernard Capdeboscq, Mary Liuzza Gennaro, and all persons acting in concert with them or under their instructions, from trespassing on or destroying plaintiff's property; from harassing, disturbing, and intimidating plaintiff; and from encouraging other persons to do any of these acts." Record, vol. 1, at 109. The injunction was to "remain in effect until the legal ownership of the property is determined in the pending state court proceeding." Id. at 110.

Shortly after this injunction issued, plaintiff moved to have defendants Gennaro and Capdesboscq held in contempt for permitting their cows to trespass on the disputed property. This motion was denied by the magistrate because the injunction did not specifically define the disputed property. The injunction was modified to describe the property more particularly.

Objections were filed to the magistrate's findings, and the plaintiff also moved to have Sheriff Edwards held in contempt of the modified injunction for refusing to make out a police report on another incident of trespassing by the cows. Before these and other motions came on for hearing before Judge Schwartz, the state court possessory action was decided adversely to plaintiff's husband. Defendants then filed a motion to dissolve the injunction.

After a hearing to consider all pending motions, Judge Schwartz entered the following order:

IT IS ORDERED:

1. The plaintiff's motion to reconsider diversity is denied.

2. The order of Magistrate Morey L. Sear dated January 28, and 30, 1976, be and it is hereby affirmed and adopted.

3. Plaintiff's motion to hold defendant Sheriff Frank Edwards in contempt is denied.

4. Plaintiff's motion to have the United States Marshal's office enforce the injunction is denied, and the injunction is dissolved.

5. Plaintiff's possessory action herein is dismissed.

6. All costs of court incurred, including deposition costs, subsequent to January 28, 1976, are to be paid by plaintiff.

7. This Court shall retain jurisdiction of this complaint insofar as it pertains to

plaintiff's claim and allegations for damages pursuant to 42 U.S.C. § 1983 and § 1985(3).

8. Plaintiff shall pay to Sheriff Frank Edwards the sum of $500 in attorney's fees and $156.15 in costs.

*Id.,* vol. 4, at 410.

On this appeal, plaintiff challenges every item in this order except the imposition of costs against her. It is immediately apparent, however, that the only part of this interlocutory order that is appealable is the dissolution of the injunction. *See* 28 U.S.C. § 1292(a)(1) (1976). The court specifically retained jurisdiction over the civil rights claims. It made neither an express direction for the entry of judgment upon a finding of no just reason for delay as required by Fed.R.Civ.P. 54(b), nor the certification permitted by 28 U.S.C. § 1292(b) (1976). Thus, there is no final appealable judgment here.

Plaintiff conceded at oral argument that in light of the decision in the state court action the injunction was properly dissolved. We therefore affirm the district court on that point. Although, as plaintiff urges, we have authority to consider the court's award of attorney's fees on this appeal, *Myers v. Gilman Paper Corp.,* 544 F.2d 837, 847 (5th Cir.) *modified on other grounds,* 556 F.2d 758 (5th Cir.), *cert. dismissed,* 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1977), we decline to do so. The district court could modify its order, including the award of fees, at any time prior to the entry of a final judgment disposing of the whole case; plaintiff may contest its provisions in an appeal from that judgment.

AFFIRMED in part and REMANDED.