James Ronald BROTHERS, Administrator of the Estate of Blair Elizabeth Pinner, Plaintiff,

v.

LUCIUS OLEN CROSBY MEMORIAL HOSPITAL and Doctor Ashraf Tabatabaii, Defendants.

Civ. A. No. S85–0021(NG).

United States District Court, S.D. Mississippi, S.D.

March 20, 1986.

Joe Sam Owen, Jess H. Dickinson, Gulfport, Miss., and Jan Sellers, Hattiesburg, Miss., for plaintiff.

J. Robert Ramsay, Hattiesburg, Miss., and W. Raymond Hunter, Gulfport, Miss., for defendants.

## MEMORANDUM AND ORDER

GEX, District Judge.

This matter is before the Court on Defendants Motion to Dismiss. Specifical-

ly, Defendants have challenged the subject matter jurisdiction of the Court pursuant to 28 U.S.C., Sec. 1359 [1] which excludes from federal jurisdiction purely local controversies where a representative has been appointed for the purpose of manufacturing diversity jurisdiction. The question of whether diversity jurisdiction is real is a factual determination to be made the by Court. *Gaulter v. Capdeboscq*, 404 F.Supp. 900, 902 (E.D.La.1975), affirmed in part, remanded on other grounds, 594 F.2d 127 (5th Cir.1979). See also *Majors v. Purnell's Pride, Inc.*, 360 F.Supp. 328, 330 (N.D.Miss.1973). The Court must review evidence submitted for its consideration in deciding whether or not subject matter jurisdiction exists. *Henley & Co. v. Miller Golf Equipment Corp.*, 300 F.Supp. 872, 875 (D.Puerto Rico 1969).

## FACTS

Having reviewed the Plaintiff's Complaint, the Defendants' Answer, the deposition of James Ronald Brothers, Administrator, the affidavit of Reverend and Mrs. Pinner, and counsels' briefs I find that the following facts are established:

James Ronald Brothers filed this wrongful death [2] action against the Defendants, Lucius Olen Crosby Memorial Hospital (hospital) and Ashraf Tabatabaii (doctor) in his capacity as Administrator of the Estate of Blair Elizabeth Pinner (deceased). The Plaintiff, Brothers, is a resident of Louisiana. The deceased was a resident of Picayune, Mississippi. All of deceased's heirs at law were at the time of her death and remain residents of Picayune, Mississippi. Defendants', the hospital and the doctor, are now and were at the time of the deceased's death, residents of Picayune, Mississippi.

In January, 1984, the deceased was admitted to the emergency room at defendant hospital in a state of seizure. Deceased was attended by defendant doctor. She subsequently died.

James Ronald Brothers was appointed administrator of the deceased's estate in or about October, 1984. Mr. Brothers is not related by blood in any degree to the deceased. In his capacity as administrator, Mr. Brothers has not performed any affirmative act on behalf of the estate of the deceased other than filing the instant lawsuit. Mr. Brothers has never before served as an administrator of an estate. Mr. Brothers has no legal expertise or accounting expertise or financial planning expertise. Mr. Brothers had admitted in his deposition that he was asked to serve as administrator of the estate of the deceased so that this suit could be maintained in federal court.

## CONCLUSIONS

The burden is upon the party asserting federal jurisdiction to establish the existance of jurisdiction. In the face of a challenge to his assertion of jurisdiction, the asserting party must produce credible, factual evidence to support his claim of jurisdiction or face dismissal. *Green v. Hale*, 433 F.2d 324, 329 (5th Cir.1970).

The Court finds that diversity of jurisdiction was improperly manufactured as set forth in 28 U.S.C., Sec. 1359.[3]

Relying on *Bass v. Texas Power and Light Co.*, 432 F.2d 763 (5th Cir.1970), wherein the Fifth Circuit held that when it is admitted that the administrator was se-

---

1. 28 U.S.C., Sec. 1359 states: "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court".

2. Mississippi's worngful death statute provides in part that:
   "Whenever the death of any person shall be caused by any ... negligent act or ommission ... as would, if death had not ensued, have entitled the party injured ... thereby to maintain an action and recover damages ... and such deceased person shall have left a ...

father or mother or sister or brother, the person or corporation or both that would have been liable if death had not ensued ... shall be liable ... notwithstanding the death.... The action from such damages may be brought in the name of the person's representative of the deceased person for the benefit of all persons entitled under the law to recover ...".
   Miss.Code Ann., Sec. 11–7–13 (Supp.1985).

3. See *supra*, note 1.

lected and appointed for the sole purpose of creating federal diversity jurisdiction the district court has no authority to entertain the lawsuit and the defendants' Motion to Dismiss must be granted. *Id.* at 766. *Accord Bianca v. Parke-Davis Pharmaceutical Div.*, 723 F.2d 392, 395 (5th Cir.1984). In the case at hand, Mr. Brothers admitted on several occasions in his deposition that he was approached to serve as administrator of the deceased's estate so that a wrongful death suit could be filed in federal court. Plaintiff's own admissions should be sufficient to support my conclusion that real diversity jurisdiction is nonexistent in this instance.

The Fifth Circuit has, however, recently clarified its position with respect to when federal court jurisdiction has been improperly manufactured under 28 U.S.C., Sec. 1359. Although, I feel that the Fifth Circuit in *Bianca v. Parke-Davis Pharmaceutical Div.*, 723 F.2d 392 (5th Cir.1984), in no way undermined the application of its decision in *Bass* where, as here, the plaintiff has admitted his breach of 28 U.S.C., Sec. 1359, this Court must apply the test set forth in *Bianca* to the facts of the instant case.

The *Bianca* court analyzed prior case law on the issue of when a non-resident administrator who brings a wrongful death action under state law has been improperly or collusively appointed so as to create federal diversity jurisdiction. The Court looked at the Fourth Circuit's "substantial stake" test that holds if an out-of-state administrator with no substantial interest in the outcome of the litigation is appointed representative of the estate and the appointment has the effect of giving diversity to an action which does not itself involve a controversy between citizens of different states, then 28 U.S.C., Sec. 1359 had been violated. *Bianca*, 723 F.2d at 397. Recognizing that the "substantial stake" test would divest the district court of subject matter jurisdiction even where an administrator had been appointed in good faith in contravention of 28 U.S.C., Sec. 1359, the Fifth Circuit adopted the "motive test" and held that the citizenship of an administrator may only be disregarded when there is a factual determination that the appoint-

ment was made with a purpose to manufacture diversity. *Id.* at 398.

The factors to be considered in making the factual determination required in Bianca are:

1) the relationship of the representative to the party represented;

2) the scope of the representative's powers and duties;

3) any special capacity or expertise which the representative may possess with respect to the purpose of his appointment;

4) whether there exists a non-diverse individual who might more normally be expected to represent the interest at stake;

5) whether those seeking the appointment of the representative express any particular reasons for selecting an out-of-state person; and,

6) whether apart from the appointment of an out-of-state representative the suit is one wholly local in nature. *Id.* at 395 (quoting *Green v. Hale*, 433 F.2d 324, 329 (5th Cir.1970).

■ Applying the facts of the instant case to the factors listed above, it is clear that Mr. Brothers was not related to the deceased and he had no special expertise or training which would lead the family of the deceased to ask him to serve as administrator of her estate. In fact, either of the deceased's parents were equally as capable as Mr. Brothers to serve as administrator for the deceased's estate. Mr. Brothers testified under oath at his deposition that he understood his selection as administrator to be for the purpose of gaining access to federal court and clearly, without Mr. Brothers as administrator, all others who might more logically have served in his stead would not have created diversity jurisdiction so that this action could be filed in federal court. This, even under the Fifth Circuit test set forth in *Bianca* this action must be dismissed as jurisdiction was improperly manufactured as prohibited under 28 U.S.C., Sec. 1359.