[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13344
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 22, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-60695-CV-JEM

RICHARD FRESCO, et al.,

Plaintiffs,

SHARON TAYLOR,
JAMES DOUGLAS BOOKER,
LOWRY BRILEY,
TWILAH BROWN,
JAMES D. CLARY,
SHARON A. CLARY,
ALICE M. COOKS,
ARLANDO COOKS,
ELIZABETH DEWITT,
KENNETH GOSSIP, SR.,
KENNICE GOSSIP,
PAMELA HENSLEY,
ROBERT G. HOLLINESS,
CAROLYN LATHAM HOLUB,
BRANDI JEWELL,
TRACY KARP,
DAVID PATTERSON,
RONNIE PHILLIPS,
JAMES ROBERTS,
LUZ ANN ROBERTS,
KIMBERLY DAWN UNDERWOOD,

MARILYN WHITAKER,
WILLIAM "TROY" WILSON,

                                                    Plaintiffs-Appellants,

                              versus

R.L. POLK & CO.,
ACXIOM CORPORATION,
a Delaware Corporation,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 22, 2010)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellants, putative class members in this Florida class action, appeal the

Florida district court's preliminary injunction, which bars them from pursuing their

claims in a separate class action lawsuit in Texas.  We affirm the preliminary

injunction.  We also decline to exercise our pendent appellate jurisdiction to review

the district court's preliminary order certifying a national settlement class.

2

## I. Background

This appeal arises out of the allegedly illegal acquisition and sale of personal information obtained from motor-vehicle records in Florida and Texas. In 2003, a class of Florida plaintiffs (Richard Fresco and others) filed suit in the Southern District of Florida, alleging that Acxiom Corporation and other defendants had obtained and sold personal information from Florida motor-vehicle records in violation of the Drivers' Privacy Protection Act (DPPA). *Fresco v. Automotive Directions, Inc.* (*Fresco I*), No. 03-cv-61063 (S.D. Fla. Jan. 16, 2009). In January 2007, a class of Texas plaintiffs (Sharon Taylor and others)—the appellants in this case—filed suit in the Eastern District of Texas against Acxiom and other defendants for violations of the DPPA in Texas. *Taylor v. Acxiom*, No. 2:07cv01 (E.D. Tex. filed Jan. 4, 2007).

In 2007, some of the defendants in *Fresco I* reached a settlement with the class of Florida plaintiffs. The plaintiffs' claims against the non-settling defendants (R.L. Polk & Co. and Acxiom Corp.) were severed and constituted a separate case. *Fresco v. R.L. Polk & Co.* (*Fresco II*), No. 07-cv-60695 (S.D. Fla. filed Dec. 13, 2007). The Florida plaintiffs then filed an amended complaint in *Fresco II*, seeking injunctive relief on behalf of a nationwide class of all drivers and motor-vehicle record holders along with actual damages, statutory liquidated

damages, and attorney's fees and expenses.

On January 12, 2009, the parties in *Fresco II* entered into a proposed settlement agreement. Because the Florida plaintiffs were pursuing injunctive relief, this settlement agreement provides for the formation of a national settlement class under Federal Rule of Civil Procedure 23(b)(2) with no right of any class member to opt out. The members of this settlement class—if certified by the Florida district court in a final judgment—would be prohibited from pursuing injunctive relief as well as statutory or punitive damages against R.L. Polk and Acxiom for violations of the DPPA and other related state-law provisions.[1]

On June 15, 2009, the district court entered an order preliminarily approving the certification of a national settlement class in *Fresco II*. Along with this order, the court issued a preliminary injunction temporarily barring Sharon Taylor and the other named Texas plaintiffs from proceeding with the Texas litigation pending the Florida district court's final judgment. The Texas plaintiffs appeal this preliminary injunction under 28 U.S.C. § 1292(a)(1).

## II. Discussion

We review preliminary injunctions for an abuse of discretion. *See S.E.C. v.*

---

[1] Under the terms of the agreement, individual class members could still bring individual claims for actual damages.

*Unique Fin. Concepts, Inc.*, 196 F.3d 1195, 1198 (11th Cir. 1999). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1336 (11th Cir. 2002).

Appellants seek to use their interlocutory appeal of the district court's preliminary injunction to challenge the district court's preliminary certification of a national settlement class under Federal Rule of Civil Procedure 23(b)(2). Appellants do not present any arguments suggesting that the district court abused its discretion in issuing the preliminary injunction; instead, they solely challenge the district court's preliminary certification of a national settlement class, an order that is normally non-appealable. Appellants argue that we have pendent appellate jurisdiction to review the order because we must review it to ensure meaningful review of the preliminary injunction. *See King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1379 (11th Cir. 2009).

Although we have pendent appellate jurisdiction to consider the class-certification issue, we are not required to exercise it. "Pendent jurisdiction depends on the exercise of this court's discretion and judicial economy considerations. In determining whether to exercise discretionary pendent jurisdiction we do so with

caution." *Honduras Aircraft Registry, Ltd. v. Gov't of Honduras*, 129 F.3d 543, 545 (11th Cir. 1997). In this case, because the district court is nearing a final judgment and might modify its class-certification order, considerations of judicial economy counsel that we decline to exercise our pendent appellate jurisdiction. *See Gaulter v. Capdeboscq*, 594 F.2d 127, 129 (5th Cir. 1979) (declining to consider a fee award under § 1292(a)(1) because "[t]he district court could modify its order . . . any time prior to the entry of final judgment").[2]

We therefore only consider whether the district court abused its discretion in issuing the preliminary injunction. *See Mercury Motor Express, Inc. v. Brinke*, 475 F.2d 1086, 1091 (5th Cir. 1973) ("A court of appeals normally will not consider the merits of a case before it on an interlocutory appeal except to the extent necessary to decide narrowly the matter which supplies appellate jurisdiction."). District courts may issue preliminary injunctions when the moving party shows: (1) a substantial likelihood of prevailing on the merits of the underlying case when the case is ultimately tried; (2) irreparable injury during the pendency of the suit will be suffered unless the injunction issues immediately; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public

---

[2] Decisions of the Fifth Circuit rendered prior to October 1, 1981 are binding precedent. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

6

interest.  *See Haitian Refugee Ctr., Inc. v. Baker*, 949 F.2d 1109, 1110 (11th Cir. 1991).  Because the appellants have advanced no argument that the district court incorrectly applied this legal standard, followed improper procedures, or made clearly erroneous findings of fact, they have abandoned their challenge to the preliminary injunction.  The preliminary injunction, therefore, is

**AFFIRMED.**